J-S29037-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NICOLE ANNETTE ABRAMS, | : | |
| | : | No. 1851 WDA 2014 |
| Appellant | : | No. 1852 WDA 2014 |

Appeal from the PCRA Order Entered October 7, 2014,
in the Court of Common Pleas of Indiana County,
Criminal Division, at No(s): CP-32-CR-0001445-2013,
CP-32-CR-0001339-2013

BEFORE:    PANELLA, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 16, 2015**

Nicole Annette Abrams (Appellant) appeals from the order entered October 7, 2014, which granted in part and denied in part her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546. We affirm.

On January 24, 2014, Appellant pled guilty to one count of forgery at docket number CP-32-CR-0001339-2013 (1339-2013) and one count of insurance fraud at docket number CP-32-CR-0001445-2013 (1445-2013). On April 11, 2014, Appellant was sentenced to 15 months to 10 years of incarceration for the forgery charge and 15 months to 5 years of incarceration for the insurance fraud charge, with the sentences to run consecutively. Appellant filed a post-sentence motion to modify sentence at docket 1445-2013, requesting that the court modify her sentence to run

*Retired Senior Judge assigned to the Superior Court.

concurrently with the sentence imposed at docket 1339-2013. The court denied that motion by order entered on April 21, 2014. Appellant did not file a direct appeal.

Appellant *pro se* timely filed a PCRA petition on May 29, 2014. The PCRA court appointed counsel, and a hearing was held on Appellant's petition on September 30, 2014. Following the hearing, the PCRA court granted Appellant's petition with respect to her request for boot camp eligibility.[1] The PCRA court denied Appellant's petition in all other respects. Appellant then timely filed notices of appeal.[2]

Appellant presents the following issues for review:

1. Whether [plea] counsel was ineffective in [his] representation for not seeking alternatives to incarceration or lesser sentences.

2. Whether Appellant's guilty plea [wa]s knowing, voluntary and intelligent when she was not aware that the district attorney's sentence recommendation was not binding.

3. Whether a conflict of interest existed when the public defender's office represented both Appellant and her co-defendant in the same case.

Appellant's Brief at 4 (proposed answers omitted).

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA

---

[1] Thus, the PCRA court amended the sentencing orders at both dockets to provide that Appellant was eligible to participate in a boot camp program.

[2] On December 22, 2014, this Court *sua sponte* consolidated the appeals.

court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa. Super. 2012) (internal citations and quotation marks omitted).

Initially, we note that Appellant's brief does not comply with Pa.R.A.P. 2119(a), as her argument section is not divided into parts which correspond to the three questions she presents on appeal. ***See*** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"). Despite this defect, we attempt to address Appellant's claims on appeal limited to the issues presented in the statement of questions. ***See*** Pa.R.A.P. 2116(a) (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). In so doing, we find that Appellant has waived all of her issues on appeal for the reasons that follow.

In her first issue, Appellant claims that plea counsel was ineffective for failing to "seek[] alternatives to incarceration or lesser sentences." Appellant's Brief at 8. "It is well-established that counsel is presumed effective, and the defendant bears the burden of proving ineffectiveness." ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant must demonstrate that: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is

being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." ***Id.*** Appellant's claim will be denied if she fails to meet any one of these three prongs. ***Id.***

Aside from the bald assertion provided above, Appellant fails to make any argument whatsoever to satisfy her burden under the three-pronged ineffectiveness test. "Claims of ineffective assistance of counsel are not self-proving." ***Commonwealth v. Wharton***, 811 A.2d 978, 986 (Pa. 2002). In order to be entitled to relief, Appellant must set forth individually and discuss substantively each prong of the test outlined in ***Martin***. Such underdeveloped claims, based on boilerplate allegations, cannot and do not satisfy Appellant's burden of establishing ineffectiveness. ***See Commonwealth v. Jones***, 876 A.2d 380, 386 (Pa. 2005). Because Appellant has failed to set forth all three prongs of the ineffectiveness test and meaningfully discuss them, her first issue is waived. ***See Commonwealth v. Steele***, 961 A.2d 786, 799-800 (Pa. 2008) (finding ineffectiveness claim fails where the appellant failed to develop argument meaningfully as to all three prongs of ineffectiveness test).

We hold that Appellant waived her second issue for the following reasons. To the extent Appellant seeks to argue that her guilty plea was not "knowing, voluntary and intelligent," as stated in her questions presented, the claim is waived for her failure to raise it in a post-sentence motion to

withdraw her plea and to pursue it on direct appeal. *See* 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."); *Commonwealth v. Rachak*, 62 A.3d 389, 391 (Pa. Super. 2012) ("While [the a]ppellant focuses on the voluntariness of his guilty plea, that issue should have been raised on direct appeal; it was not. Therefore the issue is waived." (footnote omitted)). To the extent that Appellant seeks to argue that plea counsel's ineffectiveness caused her to enter an involuntary or unknowing plea,[3] we find such a claim waived for her failure to develop it. Again, Appellant fails to engage in any discussion of the three separate prongs of the ineffectiveness test. For these reasons, Appellant's second issue is also waived.[4,5]

---

[3] *See Commonwealth v. Lynch*, 820 A.2d 728, 732 (Pa. Super. 2003) ("If the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief.").

[4] Assuming *arguendo* that this issue is not waived, Appellant is still not entitled to relief. It appears that Appellant's only contention in support of this issue is that she understood that her sentences would be concurrent rather than consecutive. Appellant's Brief at 8. At the plea hearing, when asked by the court whether there was any other agreement between the parties, Appellant's counsel responded, "Just that we would ask that … any sentences run concurrent with each other." N.T., 1/24/2014 (incorrectly dated as 1/14/2014), at 3. Nevertheless, during the oral colloquy, the court notified Appellant of the maximum penalties she could receive for each offense and the total maximum penalty she could receive for both offenses (*i.e.*, "15 years['] incarceration and a $35,000 fine"). *Id.* at 7. When the court asked Appellant whether she understood those penalties, Appellant responded in the affirmative. *Id.* Moreover, in her written guilty plea colloquy at docket 1339-2013, Appellant answered "yes" to the following

Turning to Appellant's third issue, we find it waived for her failure to raise it in a timely manner. Appellant asserts that a conflict of interest existed because she and her codefendant (her husband) were both represented by attorneys from the Indiana County Public Defender's Office. As stated previously, however, for purposes of the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). It is clear that this issue could have been raised at the plea and sentencing hearings and pursued on direct

---

questions: "Do you understand that because you have been charged with more than one offense the court may impose a separate or consecutive sentence for each offense?"; and "Do you understand that this Court is not bound by any plea bargain entered into by you and the District Attorney?" Guilty Plea Explanation of Defendant's Rights, 1/24/2014, at 3, 8. "A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012). Because Appellant's current claims contradict the statements made during her colloquies, no relief is due.

[5] Appellant dedicates much of the argument in her brief to the contention that plea counsel was ineffective for failing to advise Appellant properly with regard to presenting information about her drug and alcohol treatment to the court for sentencing purposes. Appellant's Brief at 8-9. This claim is not set forth in her statement of questions presented, nor is it fairly suggested thereby in accordance with Pa.R.A.P. 2116(a). Moreover, Appellant again fails to engage in any meaningful discussion of the three-pronged ineffectiveness test with respect to this claim. For these reasons, Appellant's claim is also waived. *See Commonwealth v. Freeland*, 106 A.3d 768, 778 (Pa. Super. 2014) (holding that the appellant's undeveloped claims were waived because they were "not set forth in the statement of questions involved and not fairly suggested thereby"); *Steele*, 961 A.2d at 799-800.

- 6 -

appeal. Consequently, Appellant waived her conflict-of-interest claim for purposes of the PCRA.

Because Appellant has waived all issues raised on appeal, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2015