J-S21007-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LONDELL JONES | : | |
| | : | |
| Appellant | : | No. 106 WDA 2017 |

Appeal from the PCRA Order December 14, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007646-2013

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    FILED MAY 31, 2018

Appellant, Londell Jones, appeals from the order entered on December 14, 2016 that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Briefly, the facts are as follows. On May 24, 2014, Appellant, aged 16, fired two bullets from a handgun into the chest of a female victim in the Hawkins Village residences in Rankin, Pennsylvania. Those gunshot wounds proved fatal. A witness who viewed the events identified Appellant as the shooter and the entire incident was captured on video camera.

The Commonwealth charged Appellant via criminal information with one count each of criminal homicide (18 Pa.C.S.A. § 2501), robbery (18 Pa.C.S.A. § 3701(a)(2)), criminal conspiracy (18 Pa.C.S.A. § 903(a)), and possession of a firearm by a minor (18 Pa.C.S.A. § 6110.1(a)). On December 8, 2014, Appellant entered a negotiated guilty plea to third-degree murder. In

exchange for the plea, the Commonwealth withdrew the remaining charges and agreed to a sentence of ten to 25 years' incarceration. On the same day, the trial court sentenced Appellant in accordance with the parties' agreement. No direct appeal was filed.

On December 30, 2015, Appellant filed a pro se petition for collateral relief. The petition alleged that counsel was ineffective for failing to: inform Appellant about the castle doctrine; furnish Appellant with discovery materials; reasonably consult with Appellant regarding evidence to be used against him; timely secure the videotape of the shooting; and, investigate and research the case. The petition also alleged that the court erred in refusing to grant counsel's motion for leave to withdraw. Thereafter, the PCRA court appointed counsel. On October 27, 2016, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant's petition was dismissed by order of December 14, 2016. PCRA counsel filed a timely notice of appeal on January 13, 2017. On February 6, 2017, the PCRA court granted counsel's motion to withdraw, which was previously filed on June 21, 2016. Appellant, acting pro se, filed a concise statement of errors complained of on appeal on March 6, 2017.[1]

Appellant's pro se brief to this Court raises three issues. First, Appellant argues that his guilty plea was invalid because he was not informed of the possible sentences that he faced. See Appellant's Brief at 5-6. Second,

_____

[1] Appellant's concise statement included the claims he raises in this appeal.

- 2 -

Appellant claims that procedural and structural errors occurred at his sentencing hearing. See id. at 7-8. Lastly, Appellant asserts that counsel failed to investigate and present a self-defense claim.[2] See id. at 9-10.

Relevant to Appellant's claim, this Court previously stated:

Appellant's claim for ineffective assistance of counsel in connection with advice rendered regarding whether to plead guilty is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii). See Commonwealth v. Lynch, 820 A.2d 728, 731–32 (Pa. Super. 2003) ("If the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief."); Commonwealth v. Rathfon, 899 A.2d 365, 369 (Pa. Super. 2006). Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." Commonwealth v. Garcia, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Commonwealth v. Wah, 42 A.3d 335, 338 (Pa. Super. 2012).

Pennsylvania has recast the two-factor inquiry regarding the effectiveness of counsel set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), as the following three-factor inquiry:

_____

[2] The Commonwealth asks us to affirm the PCRA court's order without reaching the merits of Appellant's claims on grounds that defects in Appellant's submission preclude meaningful review. We agree with the Commonwealth that substantial defects pervade Appellant's materials, including his argument section, which is defective in both style and substance, as it is unorganized, undeveloped, and largely incomprehensible. In our discretion, however, we shall decline the Commonwealth's invitation and we elect to address Appellant's claims such as they are.

> [I]n order to obtain relief based on [an ineffectiveness] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.
>
> Commonwealth v. Reed, 971 A.2d 1216, 1221 (Pa. 2005) (citing Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987)). Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence. Rathfon, 899 A.2d at 369; see also Commonwealth v. Meadows, 787 A.2d 312, 319–320 (Pa. 2001).
>
> * * *
>
> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Wah, 42 A.3d at 338-339 (internal quotation marks and modifications omitted); see Commonwealth v. Yager, 685 A.2d 1000, 1003–1004 (Pa. Super. 1996). Thus, to establish prejudice, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Rathfon, 899 A.2d at 369–370 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "The reasonable probability test is not a stringent one"; it merely refers to "a probability sufficient to undermine confidence in the outcome." [Rathfon, 899 A.2] at 370 (quoting Commonwealth v. Hickman, 799 A.2d 136, 141 (Pa. Super. 2002)).

Commonwealth v. Barndt, 74 A.3d 185, 191-192 (Pa. Super. 2013)

(parallel citations omitted).

Appellant is not entitled to relief on his first claim. The record confirms that Appellant was informed of the maximum penalties he could receive for the charged offenses, including criminal homicide. Specifically, Appellant was advised that, since he was 16 years of age, he could be sentenced to 35 years to life imprisonment if he were convicted of first degree murder. See Commonwealth v. Batts, 66 A.3d 286, 293 (Pa. 2013); 18 Pa.C.S.A. § 1102.1(a)(1). Moreover, despite Appellant's claim that "life in prison [is] not acceptable for a juvenile," the United States Supreme Court's decision in Miller v. Alabama, 132 S.Ct. 2455 (2012) held only that mandatory life sentences without the possibility of parole constitute cruel and unusual punishment when imposed on juveniles. Here, the record demonstrates that the trial court thoroughly reviewed the potential convictions that confronted Appellant, as well as the maximum sentence for each offense. At the conclusion of this colloquy, Appellant advised the court that he had discussed these issues with his counsel. Thus, Appellant was not misled or misinformed about the penalty for first-degree murder and his initial claim merits no relief.

In his second claim, Appellant appears to assert that procedural and structural errors occurred during his sentencing hearing. This claim, however, is entirely incoherent and woefully undeveloped.[3] Hence, it is waived. See

---

[3] Appellant's concise statement alleged that he was not present for his sentencing hearing. To the extent Appellant bases his second claim on this contention, we concur with the PCRA court's determination that the transcript

Commonwealth v. Rahman, 75 A.3d 497, 504 (Pa. Super. 2013) (appellant waives claim where brief offers no discussion with citation to relevant authority and otherwise fails to develop contentions in meaningful fashion capable of review).

In his third issue, Appellant asserts that counsel did not thoroughly investigate this case, suggesting that counsel should have presented a self-defense claim and that his failure to do so was ineffective. This claim merits no relief. The record reflects that counsel did, in fact, consider such a defense but that Appellant ultimately chose not to pursue that course of action. Hence, counsel cannot be deemed ineffective on this basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2018

_____

of Appellant's sentencing proceeding refutes this allegation. See PCRA Court Opinion, 5/30/17, at 8.