J-S51026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONNY SANDERS, | : | |
| | : | |
| Appellant | : | No. 757 EDA 2018 |

Appeal from the PCRA Order February 9, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001663-2016

BEFORE: DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 26, 2018**

Appellant Jonny Sanders appeals from the order denying his first timely petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant claims that the PCRA court erred in rejecting his claims based on the ineffective assistance of counsel. We affirm.

The PCRA court set forth the facts of this case as follows:

On January, 8, 2016, [Appellant] entered the Family Dollar store located at 301 Northampton Street in Easton, Pennsylvania with Rachyeed Hollenbach. [Appellant] brandished two handguns and demanded that the Family Dollar employees, Deborah Myers and Jennifer Altenbach, turn over cash from their registers. While brandishing the handguns, [Appellant] stated "Give me the money or I'll kill you." Hollenbach was taken into custody shortly after the incident and identified [Appellant] as the individual with him at the Family Dollar. [Appellant] was located several hours later, hiding under a trailer on Bushkill Drive in Easton. After police officers discovered [Appellant], [Appellant] charged at them, punching and kicking several officers. [Appellant] was found in possession of the same amount of cash reported stolen from the Family Dollar, contained in a plastic bag bearing the Family Dollar

logo. [Appellant] was previously convicted of a felony under the Controlled Substance, Drug, Device and Cosmetic Act and, as such, is prohibited from possessing a firearm.

[Appellant] was charged with (1) robbery; (2) four counts of aggravated assault, attempting to cause serious bodily injury to a police officer; (3) two counts of aggravated assault, attempting to cause bodily injury with a deadly weapon; (4) resisting arrest; (5) two counts of terroristic threats; and (6) persons not to possess firearms.

PCRA Ct. Op., 2/9/18, at 3-4 (citations and footnotes omitted).

The PCRA court further summarized the relevant procedural history of this case as follows.

Attorney Anthony Rybak [(plea counsel)] was assigned as [Appellant]'s public defender. [Appellant] expressed his displeasure with [plea counsel]'s assistance several times throughout [the] case, culminating in [Appellant]'s *pro se* "Motion for Change of Appointed Counsel." In his motion, [Appellant] stated that [plea counsel] could not adequately represent his interests because he felt that [plea counsel] believed he was guilty of all charges and would not argue in good faith on his behalf. At various times, [Appellant] also expressed dissatisfaction regarding [plea counsel]'s failure to obtain an in-person line-up and his failure to object to the Commonwealth's amendment of the criminal [i]nformation prior to trial. Following a hearing on his "Motion for Change of Appointed Counsel," [Appellant] opted to proceed to trial *pro se* and we appointed [plea counsel] as stand-by counsel. Thereafter, on November 18, 2016, [Appellant] reported that he decided to proceed with [plea counsel] as trial counsel.

Prior to trial, the Commonwealth made numerous offers to resolve this case with a negotiated guilty plea. [Appellant] rejected all of these offers.

The matter proceeded to jury selection on January 9, 2017. At the outset of *voir dire*, [Appellant] objected to the racial composition of the jury panel. [Plea] counsel moved for a "more diverse panel." We denied [Appellant]'s motion as untimely, pursuant to Pennsylvania Rule of Criminal Procedure Rule 625(B). A jury was selected and seated on January 9, 2017.

*Id.* at 4-6 (citations omitted).

On January 10, 2017, Appellant pled guilty to robbery, persons not to possess a firearm, and resisting arrest. On that same day, the trial court sentenced Appellant to a negotiated aggregate sentence of twelve to thirty years' incarceration.[1] Appellant did not file a direct appeal.[2]

On April 10, 2017, the PCRA court docketed Appellant's first timely *pro se* PCRA petition. On April 18, 2017, the PCRA court appointed counsel. PCRA counsel filed a first amended PCRA petition on June 9, 2017. On October 13, 2017, PCRA counsel filed a second amended PCRA petition. Appellant, in relevant part, asserted that plea counsel was ineffective for failing to advise him that the entry of his plea would waive his right to challenge plea counsel's competence.[3] Additionally, Appellant claimed that plea counsel was ineffective for failing to advise Appellant that his plea was not knowing, intelligent, and voluntary as the Commonwealth failed to establish a factual

---

[1] Pursuant to the negotiated guilty plea, the trial court sentenced Appellant to a term of imprisonment of ten to twenty years for the robbery conviction, one to eight years for the persons not to possess a firearm conviction, and one to two years for the resisting arrest conviction. *See* N.T. Guilty Plea, 1/10/17, at 9. The sentences were to run consecutively. *See id.*

[2] As part of Appellant's plea, he waived his direct appeal rights. *See* N.T. Guilty Plea, 1/10/17, at 8-9.

[3] More specifically, Appellant asserted that plea counsel was ineffective for failing to advise him that his plea would waive his right to challenge plea counsel's ineffectiveness in failing to (1) challenge the racial make-up of the jury, (2) obtain an in-person line-up, or (3) challenge the amendment of the information.

basis for his plea. The PCRA court held an evidentiary hearing on October 20, 2017, at which Appellant and plea counsel testified.

On February 9, 2018, the PCRA court denied Appellant's PCRA petition. The PCRA court found Appellant's guilty plea waived his claims of ineffectiveness against plea counsel. PCRA Ct. Op., 2/9/18, at 16-17 (citing **Commonwealth v. Stewart**, 867 A.2d 589 (Pa. Super. 2002)). Regarding Appellant's claim that plea counsel failed to advise him that there was no factual basis in the guilty plea colloquy for the charges of persons not to possess a firearm and resisting arrest, the court found that there was a sufficient factual basis in the record. **Id.** at 32-38.

Appellant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed a Pa.R.A.P. 1925(a) opinion relying on the reasoning it set forth in its February 9, 2018 order and opinion.

Appellant raises the following two issues on appeal:

1. [Plea counsel] was ineffective for failing to advise [sic] Appellant that he had preserved ineffectiveness claims for collateral review when, by pleading guilty, Appellant had actually waived those claims.

2. [Plea counsel] was ineffective for advising Appellant to plead guilty to persons not to possess firearms and to resisting arrest when the Commonwealth, at the guilty plea proceeding, had failed to establish a factual basis for pleas to those two offenses.

Appellant's Brief at 4.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the

evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted). "Finally, we may affirm a PCRA court's decision on any grounds if the record supports it." ***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016) (citation omitted).

It is well-settled that a defendant is entitled to "effective assistance of counsel at all stages of a criminal proceeding, including during the plea process." ***Commonwealth v. Lynch***, 820 A.2d 728, 732 (Pa. Super. 2003) (citation omitted). A "claim for ineffective assistance of counsel in connection with advice rendered regarding whether to plead guilty is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii)." ***Commonwealth v. Barndt***, 74 A.3d 185, 191 (Pa. Super. 2013) (citation omitted). "If the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief." ***Lynch***, 820 A.2d at 732 (citation omitted). "[T]he voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** at 733 (citation omitted).

To establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the

truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Turetsky***, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted). The burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Id.*** (citation omitted); ***see also Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." (citation omitted)). Further, "[c]ounsel is presumed to have been effective and the burden of rebutting that presumption rests with the petitioner." ***Commonwealth v. Fletcher***, 986 A.2d 759, 772 (Pa. 2009) (citation omitted).

Moreover, regarding the validity of a guilty plea, we have explained that a valid guilty plea colloquy "must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*) (citations omitted); ***see also*** Pa.R.Crim.P. 590 cmt. Regarding the factual basis requirements, our Supreme Court has explained that "there is no set manner, and no fixed terms, by which [the] factual basis must be adduced." ***Commonwealth v. Flanagan***, 854 A.2d 489, 500 (Pa. 2004) (citation omitted).

**Ineffectiveness Regarding Waiver of PCRA Claims**

Appellant first argues that plea counsel failed to advise Appellant that his plea would waive certain claims of plea counsel's ineffectiveness. Appellant's Brief at 21-22. Appellant emphasizes that his argument is not that plea counsel was ineffective for failing to raise his underlying claims that plea counsel should have challenged the composition of the jury, requested a line-up, and objected to the amendment of the information. *Id.* Indeed, he does not develop any argument as to those underlying claims. *Id.* Rather, Appellant argues that he would not have pled guilty had he known that by doing so he would be waiving his underlying ineffectiveness claims. *Id.* at 23. He contends that the PCRA court abused its discretion by failing to credit Appellant's testimony in this regard. *Id.*

We initially address the PCRA court's and Appellant's reliance on ***Stewart*** in asserting that Appellant waived his ineffectiveness claims by entering a guilty plea. In ***Stewart***, the defendant pled guilty to aggravated assault and statutory sexual assault. ***Stewart***, 867 A.2d at 590. As part of the plea agreement, the Commonwealth recommended a sentence of forty to eighty months' incarceration. *Id.* The trial court, however, rejected the recommendation and sentenced the defendant to five to fifteen years' incarceration. *Id.* The defendant filed a motion to modify sentence, which the trial court ultimately denied. *Id.* at 591. The defendant filed a direct appeal from his judgment of sentence challenging the discretionary aspects of his sentence. *Id.* We explained that generally "[a] plea of guilty forecloses

challenges to all matters except the voluntariness of the plea, the jurisdiction of the court, or the legality of the sentence[,]" but that a defendant "may challenge the discretionary aspects of [his] sentence . . . so long as there is no plea agreement as to the terms of the sentence." *Id.* Because there was no binding plea agreement, the *Stewart* Court addressed the defendant's discretionary claim. *Id.*

Here, however, we have a procedurally different posture than in *Stewart*. *Stewart* involved a direct appeal from the defendant's judgment of sentence and did not address an ineffective assistance of counsel claim at the PCRA level. *See id.* at 590. As noted above, claims of ineffectiveness as to the entry of a guilty plea are cognizable under the PCRA. *See Barndt*, 74 A.3d at 191; *see also Lynch*, 820 A.2d at 731 (stating that "all constitutionally-cognizable claims of ineffective assistance of counsel may be reviewed in a PCRA petition" (citation omitted)). Therefore, we conclude that the PCRA court erred in suggesting that Appellant waived his right to raise claims of plea counsel's ineffectiveness.

Nevertheless, Appellant's specific claim is that plea counsel misadvised him regarding his underlying challenges to plea counsel's effectiveness. Our review of the record reveals that during the guilty plea colloquy, the following relevant exchanges occurred:

> THE COURT: All right. And in conjunction with th[e plea] agreement you agree to waive and give up all of your rights to directly appeal in all Pennsylvania courts any issue relating to this case; is that correct, [Appellant]?

[PLEA COUNSEL]:  Except for the PCRA issue, Your Honor.

THE COURT:  That's why I said directly in all Pennsylvania courts, not collateral.

[PLEA COUNSEL]:  Thank you, Your Honor.

THE COURT:  Is that correct?

[APPELLANT]:  Yeah.

THE COURT:  You are agreeing to waive and give up all of your rights to directly appeal in all Pennsylvania courts any issue relating to this case?

[APPELLANT]:  Yes.

THE COURT:  Okay.  You are not waiving any type of ineffective assistance of counsel appeals but you are waiving all direct appeals; is that correct?

[APPELLANT]:  Yes, yes.

* * *

THE COURT:  Do you have any questions regarding any rights that you are waiving here today?

[APPELLANT]:  No, Your Honor.

* * *

THE COURT:  Okay.  [Plea counsel], did you discuss the agreement with [Appellant] and explain the rights that he's waiving by pleading guilty here today?

[PLEA COUNSEL]:  I did, Your Honor, and we modified the guilty plea statement colloquy and the post-sentence rights also, and he's indicated with initials to the rights he's waiving and also acknowledged on the back of the post-sentence rights that he's waiving all appellate rights except for the PCRA rights.

N.T. Guilty Plea, 1/10/18, at 8-10.

Moreover, statement number thirty-three of the written guilty plea colloquy provided:

- 9 -



Guilty Plea Statement (Colloquy), 1/10/17, at ¶ 33. As indicated above, Appellant answered "yes" to whether he understood that he was waiving his direct appeal rights but not his right to challenge plea counsel's competence. *Id.*

Therefore, there is no support in the record for Appellant's contention that plea counsel misadvised him regarding Appellant's right to challenge plea counsel's effectiveness.[4] *See* N.T. Guilty Plea, 1/10/18, at 8-10; Guilty Plea Statement (Colloquy), 1/10/17, at ¶ 33.

_____

[4] As noted above, Appellant has not developed any argument as to his underlying claims that plea counsel was ineffective for failing to (1) challenge

In sum, although we disagree with the PCRA court's waiver analysis, we agree with its ultimate conclusion that there is no support for the proposition that plea counsel misrepresented Appellant's PCRA rights. **See Benner**, 147 A.3d at 919; **Lynch**, 820 A.2d at 733. Accordingly, we conclude that because Appellant's claim lacks arguable merit, he fails the ineffectiveness test. **See Turetsky**, 925 A.2d at 880; **Daniels**, 963 A.2d at 419.

As for Appellant's claim that the PCRA court abused its discretion by failing to credit Appellant's testimony that he would not have pled guilty had he known that by doing so he would be waving his underlying ineffectiveness claims, it is of no consequence. As discussed above, Appellant did not waive his underlying ineffectiveness claims by pleading guilty. **See Barndt**, 74 A.3d at 191; **Lynch**, 820 A.2d at 731. In any event, the PCRA court was in a better position to hear Appellant's testimony and weigh its credibility. "Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made[.]" **Commonwealth v. Johnson**, 966 A.2d 523, 539 (Pa. 2009). Accordingly, where the record supports the PCRA court's credibility determinations, this Court is bound by the court's findings. **See Mitchell**, 105 A.3d at 1265; **see also Commonwealth v. White**, 734 A.2d 374, 421 (Pa. 1999) (reiterating that "there is no justification for an

_____

the racial make-up of the jury, (2) obtain an in-person line-up, or (3) challenge the amendment of the information. Therefore, we decline to address those claims in this appeal. **See Commonwealth v. Treiber**, 121 A.3d 435, 474 (Pa. 2015); **see also Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant." (citation omitted)).

appellate court, relying solely upon a cold record, to review the fact-finder's first-hand credibility determinations" (citation omitted)).

**Ineffectiveness Regarding Factual Basis of Plea**

Next, Appellant argues that plea counsel was ineffective for advising Appellant to plead guilty to the charges of persons not to possess a firearm and resisting arrest when there was no factual basis presented during the guilty plea colloquy regarding these offenses. Appellant's Brief at 24. Appellant claims that during the recitation of the factual bases, "there was no mention of any conviction . . . for an offense under the Controlled Substance, Drug and Cosmetic Act that may be punishable by a term of imprisonment exceeding two years, which is an element of the offense for persons not to possess." *Id.* at 25. Appellant further claims that no factual basis was presented "that would give rise to an offense of resisting arrest." *Id.*

By way of background, the PCRA court found that "there is ample support in the record to demonstrate that there was a factual basis for the plea to the charges of robbery, persons not to possess firearms, and resisting arrest." PCRA Ct. Op. at 38. It set forth its reasoning as follows:

> When the Commonwealth was asked to set forth the factual basis for [Appellant]'s guilty plea, the following was placed on the record:
>
>> [Commonwealth]: On January 8, 2016 at approximately 9:13 in the evening[, Appellant] entered a commercial business known as the Family Dollar store and brandished two handguns and said, give me the money or I'll kill you, to two cashiers and, with that, they loaded approximately in excess of $400 into a family general dollar store bag, gave it to [Appellant] – not gave it to but surrendered it to

- 12 -

[Appellant] at which time he left the building with money and he was apprehended probably – actually they located him about 16 minutes later but it took about an hour and half to two hours to physically locate him after he ran. And when they discovered him he had the goods on his person.

T.P. Jan. 10 at 21-22.

[Appellant] also signed the Information pleading guilty to robbery, resisting arrest, and persons not to possess firearms. ***See generally*** Information. Count 5 of the Information read as follows:

[Appellant], with the intent of preventing a public servant from effectuating a lawful arrest or discharging any other duty, creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance, to wit: **[Appellant] did struggle with Police Officers as said officers were attempting to place [Appellant] under arrest, namely Officer T. Wagner, Officer Siegfried, Officer VanHorn and Officer Ocetnik.**

***Id.*** at 1. Count 6 of the Information stated:

[Appellant] being a convicted felon in violation of act April 14, 1972, known as the Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute of any other state that may be punishable by a term of imprisonment exceeding two years, did possess, use, control, sell or transfer or manufacture a firearm, to wit: **[Appellant] possessed a Smith & Wesson air[]weight revolver and a Keltec semi-automatic pistol. [Appellant] previously had been convicted of the crime of Manufacture of a Controlled Substance by person not registered.**

***Id.*** at 2.

We addressed the criminal Information during [Appellant]'s guilty plea colloquy:

THE COURT: Now I have a Criminal Information and that document has a signature on the back page. Is that your signature, [Appellant]?

[APPELLANT]: Yes, Your Honor.

- 13 -

THE COURT: Did you read the Criminal Information before you signed it?

[APPELLANT]: Yes.

THE COURT: Did you understand it?

[APPELLANT]: Yes.

THE COURT: And did you sign it voluntarily?

[APPELLANT]: Yes.

THE COURT: And do you understand by signing that document, appearing here today, and engaging in this discussion with me you are pleading guilty to the three crimes I outlined previously?

[APPELLANT]: Yes.

T.P. Jan. 10 at 12-13.

Prior to his guilty plea hearing, [Appellant] received and reviewed the Pennsylvania Standard Criminal Jury Instructions for the charges of robbery, resisting arrest, and persons not to possess firearms. *See id.* at 11, Court Ex. 1. [Appellant] stated that he understood the elements of each offense:

THE COURT: Court Exhibit number 1 is a copy of a document that we gave to [Appellant] prior to beginning the guilty plea colloquy and it is a copy of the Pennsylvania [Suggested S]tandard [J]ury [I]nstructions for all the charges to which [Appellant] is pleading guilty today. [Appellant], you read that document; correct?

[APPELLANT]: Yes, Your Honor.

THE COURT: And after reading that document do you understand what [sic] elements that the Commonwealth would have had to prove beyond a reasonable doubt for the charges of robbery, prohibited person having a firearm, and resisting arrest?

[APPELLANT]: Yes, Your Honor.

THE COURT: So you understand the crimes to which you are pleading guilty have a number of elements or things that

- 14 -

> the Commonwealth has to prove beyond a reasonable doubt; correct?
>
> [APPELLANT]: Yes.
>
> THE COURT: And you understand what those elements are and you understand the burden of beyond a reasonable doubt; correct?
>
> [APPELLANT]: Yes.
>
> *Id.* at 11-12.

* * *

> Here, there is ample support in the record to demonstrate that there was a factual basis for the plea to the charges of robbery, persons not to possess firearms, and resisting arrest. During the colloquy, the Commonwealth recited a factual basis supporting the charge of robbery, and arguably, supporting the charge of persons not to possess firearms. *See* T.P. Jan. 10 at [5,] 21-22 (describing robbery and indicating [Appellant] "brandished two handguns"[; indicating Appellant's acknowledgment that he had been previously incarcerated for a robbery in Philadelphia]). Prior to this recitation of facts, [Appellant read and agreed to the facts summarized in the criminal Information, which specifically addressed the factual basis for all three charges. *See generally* Information; T.P. Jan. 10 at 12-13. We also provided [Appellant] with the Pennsylvania Suggested Standard Criminal Jury Instructions for robbery, persons not to possess firearms, and resisting arrest. *See* T.P. Jan. 10 at 11, Court Ex. 1. [Appellant] agreed that he understood the elements the Commonwealth was required to prove for each charge and the Commonwealth's burden of proof. *See id.* at 11-12. . . .

PCRA Ct. Op. at 32-35, 38 (emphases added). We agree with, and adopt, the above-quoted portions of the PCRA court's cogent reasoning. Accordingly, because Appellant's issue lacks arguable merit, he has failed to establish plea counsel's ineffectiveness. *See Turetsky*, 925 A.2d at 880; *Daniels*, 963 A.2d at 419.

Order affirmed.

- 15 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 11/26/2018*