COMMONWEALTH of Pennsylvania, Appellee,

v.

**Mark LYNCH, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 2002.

Filed March 19, 2003.

Ari D. Weitzman, Harrisburg, for appellant.

Kelly L. Crawford, Asst. Dist. Atty., Harrisburg, for Com., appellee.

BEFORE: KLEIN, BOWES and TAMILIA, JJ.

OPINION BY KLEIN, J.:

¶ 1 Mark Lynch appeals from the denial of his Post Conviction Relief Act [1] (PCRA) petition. We affirm.

¶ 2 Lynch argues he should be allowed to withdraw his guilty plea:

1. because trial counsel unlawfully induced him to plead guilty when the plea agreement was illusory; or

2. in the alternative, because counsel unlawfully induced his guilty plea when no plea agreement existed; or

3. if a plea agreement existed, the Commonwealth violated the agreement by having the victim's family testify and make sentencing recommendations.

---

1. 42 Pa.C.S.A. § 9541–9546.

¶ 3 The trial court found as a fact that defense counsel made no representations that there was any plea agreement, which the record supports. Therefore, arguments # 1 and # 2 fail.

¶ 4 The trial court also found that in fact there was no plea agreement, so argument # 3 fails.

■ ¶ 5 We note that the trial court followed the wrong standard by looking to the guilty plea subsection of the PCRA rather than the subsection governing the ineffective assistance of counsel. While Lynch's 1925(b) statement echoes the wording of the guilty plea subsection, his supplemental PCRA petition argued both the guilty plea and ineffectiveness subsections, and his brief to this court plainly argues ineffectiveness in relation to his guilty plea.[2] Since the trial court found as a fact that trial counsel made no unwarranted representations to Lynch, the differing standard makes no difference so we find no ineffectiveness and affirm, albeit on different grounds.[3]

¶ 6 A full discussion follows.

## I. Background

¶ 7 On May 17, 1999, while highly intoxicated, Lynch drove north in the southbound lanes of Interstate 83 in Harrisburg and collided head-on with James E. Dorothy. Dorothy did not survive the accident. Lynch was charged with and pled guilty to homicide by vehicle while driving under the influence, homicide by vehicle, involuntary manslaughter, and driving under the influence of alcohol or controlled substance,[4] as well as Motor Vehicle Code violations.[5]

¶ 8 The trial court sentenced Lynch to five to ten years of imprisonment on the homicide by vehicle while DUI charge, a consecutive term of two to five years of imprisonment on involuntary manslaughter, and no further penalty on the other counts.[6] The trial court *sua sponte* vacated the sentence as an illegal sentence, holding that the involuntary manslaughter charge merged for purposes of sentencing. However, the Commonwealth moved for reconsideration arguing that involuntary manslaughter did not merge. The trial court granted the motion and reinstated the original sentence.

¶ 9 Eleven months later, Lynch filed a *pro se* motion to enforce a plea agreement, which the trial court treated as a PCRA petition. Counsel was appointed, who filed a supplemental PCRA petition. That petition raised the following issues: whether he should have been allowed to withdraw his guilty plea because trial counsel unlaw-

---

2. Allegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA not the section specifically governing guilty pleas. *Commonwealth v. Hickman*, 799 A.2d 136 (Pa.Super.2002).

3. We may affirm the trial court on any ground. *See Pennsylvania Game Comm'n v. State Civil Service Comm'n (Toth)*, 561 Pa. 19, 747 A.2d 887, 888 n.1 (2000) (explaining that appellate court may affirm lower court's correct result without regard to grounds lower court relied upon).

4. These offenses are codified respectively at 75 Pa.C.S.A. § 3735(a), 75 Pa.C.S.A. § 3732,

18 Pa.C.S.A. § 2504(a), 75 Pa.C.S.A. § 3731(a)(1), (4)(i).

5. Specifically, he was charged with careless driving, 75 Pa.C.S.A. § 3714, reckless driving, 75 Pa.C.S.A. § 3736(a), one-way roadways and rotary traffic islands, driving on one-way roadway, 75 Pa.C.S.A. § 3308(b), driving on roadways laned for traffic, driving within single lane, 75 Pa.C.S.A. § 3309(1), and driving on divided highways, 75 Pa.C.S.A. § 3311(a).

6. The trial court also suspended Lynch's driving privileges for life and imposed over $19,000 in restitution.

fully induced him to plead guilty when the plea agreement was illusory, or in the alternative, that counsel unlawfully induced his guilty plea when no plea agreement existed. In addition, assuming *arguendo* a plea agreement existed, Lynch asserted that the Commonwealth's attorney had violated the agreement by having the victim's family testify and make sentencing recommendations.

¶ 10 After a hearing, the PCRA court denied the petition, finding as facts that no plea agreement existed, that trial counsel did not rely on an illusory promise, and that trial counsel made no unwarranted statements to Lynch. Agreeing with the Commonwealth that the guilty plea subsection controlled, the court found no ineffectiveness because Lynch admitted that he never intended to conceal his guilt. The trial court further held that the Commonwealth did not breach the purported agreement in any way; it merely informed the trial court of the means to impose the intended sentence. On appeal, Lynch presents the following issues:

1. Whether guilty plea counsel unlawfully induced petitioner to plead guilty relying on an illusory plea agreement where the Commonwealth's attorney would have no objection to the sentence the lower court imposed so long as the mandatory minimum provisions of 75 Pa. C.S.A. § 3735 were applied.

2. Assuming *arguendo* no plea agreement existed, whether guilty plea counsel unlawfully induced petitioner to plead guilty where no plea agreement existed despite representing to petitioner an agreement did, in fact, exist.

3. Assuming *arguendo* a plea agreement did exist that the Commonwealth's attorney would have no objection to any sentence imposed by

the lower court so long as the mandatory minimum provisions of 75 Pa. C.S.A. § 3735 were imposed, whether the Commonwealth's attorney violated same by allowing the victim's family to testify at petitioner's sentencing and request "I would really appreciate it if the court would keep this man in jail for a considerable amount of time," and "the maximum sentence is what I would ask the court to put forth on this individual."

## II.  Discussion

*A. The claims that counsel's errors caused an involuntary guilty plea are properly analyzed as the ineffective assistance of counsel under the PCRA.*

■ ¶ 11 This case highlights the confusion in the bench and bar surrounding which section of the PCRA governs ineffectiveness in connection with guilty pleas. The Commonwealth argues strictly under the section relating to guilty pleas, 42 Pa. C.S.A. § 9543(a)(2)(iii). Lynch's counsel appears to be unsure whether that subsection applies or whether subsection 9543(a)(ii) controls, which governs ineffective assistance of counsel claims, as he argued both in the supplemental PCRA petition. The trial court followed the Commonwealth's lead and looked to the guilty plea subsection, which requires that the defendant plead and prove his innocence. Trial Court Op., 2/20/02, at 6. With that standard in mind, because Lynch had stated that he never intended to hide his guilt, the trial court found that he was ineligible for relief.

■ ¶ 12 However, "all constitutionally-cognizable claims of ineffective assistance of counsel may be reviewed in a PCRA petition." *Commonwealth ex rel. Dadario v. Goldberg,* 565 Pa. 280, 773 A.2d 126, 130 (2001) (holding that PCRA afford-

ed relief for ineffective assistance of counsel where trial counsel misinformed defendant of sentencing range). The Sixth Amendment guarantees the effective assistance of counsel at all stages of a criminal proceeding, including during the plea process. *See Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). If the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief. *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa.Super.2002).

¶ 13 The PCRA subsection governing relief from a guilty plea requires that the defendant prove that he was unlawfully induced to plead guilty and that he is innocent:

> To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following: (2) That the conviction or sentence resulted from one or more of the following: (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

42 Pa.C.S.A. § 9543(a)(2)(iii).

¶ 14 The subsection governing relief in cases of ineffective assistance of counsel does not require innocence:

> To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following: (2) That the conviction or sentence resulted from one or more of the following: (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of

guilty or innocence could have taken place.

42 Pa.C.S.A. § 9543(a)(2)(ii).

¶ 15 *Hickman* demonstrates that all constitutionally cognizable ineffectiveness claims are cognizable under the PCRA without regard to innocence, including cases involving guilty pleas. In *Hickman,* the defendant filed a PCRA petition alleging that he pled guilty only because counsel misled him to believe that he would be eligible for boot camp after two years. In fact, Hickman was statutorily ineligible for boot camp. Nonetheless, the trial court denied the petition. Hickman appealed, and this Court affirmed, holding that his ineffectiveness claim was not cognizable under the PCRA. The claim was thought uncognizable under section 9543(a)(2)(ii) because his guilty plea did not implicate the truth-determining process. In addition, 9543(a)(2)(iii) was held not to apply because Hickman did not allege he was innocent.

¶ 16 Hickman petitioned the Pennsylvania Supreme Court for allowance of appeal. The Supreme Court granted the appeal, and vacated our decision for reconsideration in light of its decision in *Commonwealth ex rel. Dadario v. Goldberg,* 565 Pa. 280, 773 A.2d 126 (2001) (holding that claims of ineffective assistance of counsel arising from plea bargaining process are cognizable under PCRA's ineffectiveness subsection, 42 Pa.C.S.A. § 9543(a)(2)(ii)). On remand, we analyzed the case under the three-part ineffectiveness test,[7] and held that counsel was constitutionally ineffective. We reversed and remanded with instructions that the PCRA court afford Hickman an opportunity to withdraw his guilty plea.

¶ 17 As in *Hickman,* we will review counsel's performance to see whether it

---

7. *See infra.*

amounted to ineffective assistance of counsel that invalidated Lynch's guilty plea. *Hickman,* 799 A.2d at 140.[8]

*B. Because trial counsel made no unwarranted representations to Lynch, his ineffectiveness claims afford him no relief.*

■ ¶ 18 Essentially, Lynch argues that his trial counsel was ineffective for either advising him to plead guilty when the Commonwealth's promises were illusory, or in the alternative, for advising him to plead guilty when no agreement existed, while leading Lynch to believe an agreement was in place. Both of these arguments are foreclosed by the trial court's finding that trial counsel made no unwarranted representations to Lynch. Trial Ct. Op., 2/20/02, at 7. Because the record supports that finding, there can be no ineffectiveness.

■ ¶ 19 To establish a claim of ineffective assistance of counsel, a defendant must demonstrate three things: that the underlying claim has arguable merit, that counsel's performance was not reasonably designed to effectuate the defendant's interests, and that counsel's unreasonable performance prejudiced the defendant. *Commonwealth v. Heggins,* 809 A.2d 908, 913 (Pa.Super.2002). "[T]he voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."

*Hickman,* 799 A.2d at 141 (internal quotation marks and citation omitted).

¶ 20 At the PCRA hearing, trial counsel testified that he understood that so long as the sentence was at least the mandatory minimum sentence, the Commonwealth would not object. He testified:

I would have told him exactly what I just said now: that the Commonwealth would not go off the mandatory, but it is my understanding that the Judge, whatever the Judge would impose, if it was at least the mandatory, that the Commonwealth would not object.

¶ 21 N.T. PCRA Hearing, 11/2/01, at 29. That statement makes no promise of a sentence, nor asserts that any agreement existed. Rather, it merely states counsel's understanding as to what would happen if Lynch pled guilty. The trial court believed this statement as reflecting counsel's actual advice to Lynch. Since the record adequately supports the PCRA court's findings, we must accept them.[9] Therefore, the trial court's determinations that counsel made no unwarranted representations and therefore was not ineffective must be affirmed. We do not reach Lynch's argument that the Commonwealth breached the plea agreement. Without an agreement, there can be no breach.

## III. Conclusion

¶ 22 We affirm the order denying Lynch PCRA relief because the record supports

---

**8.** We find the ineffectiveness claim properly preserved. Although in his 1925(b) statement Lynch states that trial counsel unlawfully induced him to plead guilty, which echoes the PCRA's guilty plea section, this was intended as a claim that trial counsel rendered ineffective assistance in advising him to plead guilty. This is apparent in the fact that trial counsel argued in the supplemental PCRA petition that "guilty plea counsel was ineffective and/or unlawfully induced petitioner to plead guilty...." In addition, the body of Lynch's brief plainly argues ineffectiveness. Appellant's Brief at 13. Therefore, the ineffective

assistance claim is properly presented to this Court. Since a claim that counsel's unreasonable mistakes induced an involuntary guilty plea is properly presented under the PCRA as a claim of ineffective assistance of counsel, *see Hickman,* 799 A.2d at 140, we will treat Lynch's arguments as ineffectiveness claims.

**9.** We do not disturb the findings of the post-conviction court unless they lack support in the record. *Commonwealth v. Blackwell,* 436 Pa.Super. 294, 647 A.2d 915 (1994).

the PCRA court's conclusions that there was no plea agreement and that his counsel was not ineffective because he made no unwarranted representations.

¶ 23 Order affirmed.