J. S27034/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM HERNANDEZ AKA, | : | |
| SAMUEL LOPEZ, DEFENDANT | : | |
| | : | |
| Appellant | : | No. 2813 EDA 2014 |

Appeal from the PCRA Order September 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0110641-1995
CP-51-CR-0308061-1995

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 30, 2015**

Appellant, William Hernandez aka Samuel Lopez, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act[1] ("PCRA"). We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On September 27, 1995, [Appellant] entered into a guilty plea before the Honorable Nitza Quinonas to Burglary, and Criminal Conspiracy. In accordance with the plea agreement, [Appellant] was sentenced to an

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

aggregate term of imprisonment of 9-23 months. No direct appeal was filed.

[Sixteen years later, o]n November 28, 2011, [Appellant] filed his first PCRA petition. Upon review, the Honorable Nitza Quinones denied the petition for lack of standing on January 30, 2012. No appeal was filed.

On March 6, 2013, [Appellant] filed the instant PCRA petition, his second.

PCRA Ct. Op., 10/29/14, at 1. The PCRA court dismissed the petition.[2]

This timely appeal followed. Appellant was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court filed a Pa.R.A.P. 1925(a) memorandum opinion.

Appellant raises the following issues for our review:

1. Should [Appellant's] claims have been looked at as a *coram nobis* as they were originally presented?

2. Should [Appellant's] claims have been looked at in accordance with the United States Supreme Court's Rulings in ***Murr[a]y v. Carrier***, 477 U.S. 478 [(1986)], and ***Schlup v. Delo***, 513 U.S. 298 [(1995)], as an "actual innocence" claim.

3. Should the lower court have addressed the jurisdictional question.

Appellant's Brief at ii.

Appellant contends the PCRA court erroneously viewed his petition as a PCRA petition, when instead he intended it to be a writ of *coram nobis*. ***Id.***

---

[2] We note the PCRA court found it lacked jurisdiction to consider the petition because Appellant was no longer serving his sentence. ***See*** 42 Pa.C.S. § 9543(a)(1)(iii). "We can affirm the trial court on any ground." ***Commonwealth v. Lynch***, 820 A.2d 728, 730 n.3 (Pa. Super. 2003).

at 3. He argues he is actually innocent and is a victim of a miscarriage of justice. *Id.* at 4.

As a prefatory matter, we consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition.

> We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of Appellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S. § 9545(b)(1).
>
> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). . . .

***Commonwealth v. Marshall***, 947 A.2d 714, 719-20 (Pa. 2008) (some citations omitted).

Our Supreme Court has stated:

> This Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. In addition, we have noted that the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act. We have also recognized that the PCRA's time restriction is constitutionally valid.

***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (citations and quotation marks omitted).

Under the PCRA, "all petitions, including second and subsequent ones, must be filed within one year of the date on which judgment becomes final, unless one of the three statutory exceptions . . . applies." ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999); 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time seeking the review." 42 Pa.C.S. § 9545(b)(3).

In the instant case, Appellant was sentenced on September 27, 1995. He did not file a direct appeal. Thus his judgment of sentence became final on October 27, 1995. ***See*** 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeing the review.") Appellant generally had

one year, or until October 28, 1996,[3] to file a PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1); ***Marshall***, 947 A.2d at 719; ***see also Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super 2014) (holding defendant's second petition did not qualify for *grace proviso*–allowing first PCRA petition to be filed by January 16, 1997, when judgment of sentence became final prior to enactment date of PCRA amendments–as it was not his first petition nor was it filed before January 16, 1997). Appellant filed the instant petition on March 6, 2013; therefore, it is patently untimely. As such, we review whether Appellant has properly pleaded and proved any of the PCRA timeliness exceptions.

Appellant did not plead and prove any exception to the PCRA's timeliness requirement. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); ***Marshall***, 947 A.2d at 719-20. His PCRA petition is untimely, divesting the PCRA court of jurisdiction.

Moreover, Appellant's claim that his petition is not a PCRA petition but rather a writ of *coram nobis* is meritless. Section 9542 of the PCRA provides, "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter

---

[3] October 27, 1996 was a Sunday. ***See*** 1 Pa.C.S. § 1908 (providing that when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation).

takes effect, **including habeas corpus and coram nobis**." 42 Pa.C.S. § 9542 (emphasis added). Thus, Appellant's argument that his petition is not governed by the PCRA is meritless, as section 9542 provides that the PCRA encompasses writs of *coram nobis*. ***See id.***

Accordingly, we affirm the order below dismissing the PCRA petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2015