J-S25025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHANAL C. CONN | |
| Appellant | No. 1599 WDA 2014 |

Appeal from the PCRA Order entered July 29, 2014
In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000405-2012

BEFORE:  BENDER, P.J.E., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 28, 2015**

Appellant, Nathanal C. Conn, appeals from the July 29, 2014 order of the Court of Common Pleas of Venango County denying relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the relevant background as follows:

On February 14, 2013, [Appellant] pled guilty and was sentenced on the offense of [c]riminal [a]ttempt to [c]ommit [m]urder, in violation of 18 Pa.C.S.A. § 901, underlying offense 18 Pa.C.S.A. § 2502(a), a [f]elony 1.  At the time of the guilty plea, [Appellant] was represented by Attorney D. Shawn White. [Appellant] was sentenced to imprisonment in a state institution of the Department of Corrections for a minimum of twenty (20) years and a maximum of forty (40) years.  On January 22, 2014, [Appellant] filed a [PCRA p]etition asserting claims of ineffective

_____

[*] Retired Senior Judge assigned to the Superior Court.

assistance of counsel and improper sentence. Upon consideration of [Appellant]'s PCRA [p]etition, this court appointed Matthew C. Parson, Esquire, to represent [Appellant]. Newly appointed counsel submitted an [a]mended PCRA [p]etition on April 9, 2014, raising the following issue:

> That trial counsel was ineffective for failing to describe to the petitioner all the aspects of his plea and the results of taking the plea, i.e. counsel promised a sentence with a minimum of nine years.

Following a PCRA [h]earing on July 29, 2014, this court denied [Appellant]'s PCRA [p]etition. [Appellant] was granted leave to proceed [i]n [f]orma [p]auperis on appeal, and [Appellant] submitted his [n]otice of [a]ppeal on August 26, 2014. In accordance with Pa.R.A.P. 1925(b), the court instructed Appellant on September 29, 2014, to submit a concise statement of matters [sic] complained of on appeal no later than twenty-one (21) days after the entry of the [o]rder. [Appellant timely complied. This appeal followed.]

PCRA Court Opinion, 12/22/14, at 1-2 (unnumbered opinion).

On appeal, Appellant challenges the denial of his PCRA petition.[1]

Specifically, Appellant argues the PCRA court erred in not finding plea

_____

[1] On appeal, Appellant raises the following questions:

1. Whether the PCRA [c]ourt erred as a matter of law or abused its discretion in determining that trial counsel was not ineffective in failing to describe and ensure his client understood his guilty plea.

2. Whether the PCRA [c]ourt erred as a matter of law or abused its discretion in determining that trial counsel was not ineffective in failing to file an appeal to the trial court's sentence.

Appellant's Brief at 5. As explained below, the second issue is waived for failure to timely and properly raise it before the PCRA court.

counsel ineffective for failing to inform Appellant that the plea was open.[2] We disagree. Accordingly, we affirm.

We review claims of ineffective assistance of counsel[3] based on the following principles:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations.

*Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citations omitted).

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to

_____

[2] "In an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the prosecution's right to seek the maximum sentences applicable to those charges." *Commonwealth v. White*, 787 A.2d 1088, 1089 n.2 (Pa. Super. 2001) (quotation marks and citations omitted). "At the other end of the negotiated plea agreement continuum, a plea agreement may specify not only the charges to be brought, but also the specific penalties to be imposed." *Id.*

[3] Despite Appellant's challenge to plea counsel's performance, in his brief before this Court Appellant cites 42 Pa.C.S.A. § 9543(a)(2)(iii) (relating to unlawfully induced guilty pleas), which is not applicable here because he raised an ineffective assistance claim, 42 Pa.C.S.A. § 9543(a)(2)(ii). *See Commonwealth v. Lynch*, 820 A.2d 728, 731-32 (Pa. Super. 2003).

effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations, quotation, and quotation marks omitted).

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Anderson*, 995 A.2d at 1192 (citations, quotation, and quotation marks omitted). Moreover, with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate "it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa. Super. 2006) (quotation and quotation marks omitted).

*Commonwealth v. Timchak*, 69 A.3d 765, 769-70 (Pa. Super. 2013).

Appellant's first claim of ineffective assistance of counsel has no merit. A review of the transcripts of the guilty plea and PCRA hearings disposes of the matter. As noted by the court at the PCRA hearing, at the time of the plea, the court repeatedly asked Appellant whether he understood the terms of his plea, to which Appellant answered in the affirmative each time he was

asked by the court. The terms of the plea included Appellant, *inter alia*, entering a guilty plea to attempted murder, which carried a potential for a maximum term of imprisonment of 40 years and a minimum of 20 years, N.T. PCRA Hearing, 7/29/14, at 48, and the Commonwealth's withdrawal of the remaining counts, *id.* at 37. Additionally, the trial court made it clear to the parties it was not bound by any sentencing agreement they might have had. *Id.* at 36. The court also asked Appellant whether he had been forced or threatened to take the plea or whether he had been promised any particular sentence or leniency, to which questions Appellant answered in the negative. At the hearing, plea counsel testified that he explained the plea in detail and had no doubts that Appellant understood the terms of the agreement. *Id.* at 23. Indeed, the PCRA court found that

> [T]he face of the record shows that [A]ppellant was fully apprised of the consequences of a guilty plea. During the PCRA hearing . . ., [Appellant] testified that he recalled doing a colloquy in front of the [c]ourt. Additionally, [Appellant] recalled the [c]ourt asking if there were any promises made to him before entering into the plea, to which he replied "no." After listening to every question in the guilty plea colloquy, this court asked [Appellant], again, "is it still your intention to enter a guilty plea to the charges subject to the terms of the plea agreement?" [Appellant] responded with, "yes."

PCRA Court Opinion, 12/22/14, at 4 (unnumbered opinion).

The PCRA court, in essence, did not believe that Appellant did not understand the terms of his plea. Instead, upon consideration of Appellant's answers to the colloquy at the guilty plea hearing, and Appellant's and plea counsel's testimony at the PCRA hearing, the PCRA court found the terms of

plea were fully explained to Appellant, and plea counsel was not ineffective in connection with the plea. The record supports the PCRA court's factual and credibility determinations. Accordingly, we conclude the PCRA court did not err in denying relief on Appellant's first claim.[4]

In his second issue, Appellant argues plea counsel was ineffective for failing to file an appeal. As noted by the PCRA court, PCRA Court Opinion, 12/22/14, at 8 (unnumbered opinion), and acknowledged by Appellant, Appellant's Brief at 12, this issue was not raised in the PCRA petition, and it was not addressed—or even mentioned—at the PCRA hearing. The issue, in fact, was raised for the first time on appeal, and Appellant provides no authority for us to entertain it at this stage. As such, the second claim is waived. **See** Pa.R.A.P. 302(a) (a claim is waived if raised for the first time on appeal); **Commonwealth v. Weiss**, 81 A.3d 767, 795 n.17 (Pa. 2013).

Order affirmed.

---

[4] Because we find the claim has no merit, we need not address the remaining prongs of the ineffective assistance standard. **See**, **e.g.**, **Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014) ("Failure to prove any prong of this test will defeat an ineffectiveness claim.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/28/2015