J-S41012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 2031 MDA 2018 |

Appeal from the Order Entered November 16, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003588-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 2032 MDA 2018 |

Appeal from the Order Entered November 16, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003587-2016

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:            **FILED: AUGUST 22, 2019**

Jeffrey Hernandez appeals from the order,[1] entered in the Court of

Common Pleas of Lancaster County, dismissing his petition filed pursuant to

---

[1] Hernandez pled guilty on two separate dockets numbers below, CP-36-CR-0003587-2016 (#3587) and CP-36-CR-0003588-2016 (#3588).  Hernandez filed two separate notices of appeal, each containing one docket number for each case listed in the trial court.  Thus, he has complied with the holding of

---

\*   Retired Senior Judge assigned to the Superior Court.

the Post Conviction Relief Act (PCRA).[2] Because Hernandez's underlying suppression claim has no merit, we affirm.

In July 2016, Hernandez was charged with various drug offenses after police executed two search warrants that resulted in the confiscation of over 14 grams of heroin on Hernandez's person and 2 grams of heroin (in 149 individual bags) and drug paraphernalia from Hernandez's residence. The warrants were based on information obtained by Lancaster Drug Task Force Officers from two confidential informants (CI); the CIs were involved in five controlled buys of heroin from Hernandez in 2014 and 2016. Hernandez filed a pretrial motion to suppress the seized evidence, claiming that the seizure of "the drugs found on his person following the issuance of the search warrant was not based upon probable cause that the drugs would be found on his person." Brief of Defendant in Support of Motion to Suppress, 5/16/17, at 1. After a hearing, the court denied the motion and, on May 17, 2017, Hernandez entered an open guilty plea to various drug charges on two separate docket numbers. *See supra* n.1.

_____

***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) ("[I]n future cases [Pa.R.A.P.] 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal."). The appeals were consolidated upon stipulation by the parties on January 7, 2019.

[2] 42 Pa.C.S. §§ 9541-9546.

After reviewing a mental health evaluation and a presentence investigation report (PSI), the court sentenced Hernandez on docket #3587 to 30 months to 5 years' incarceration on Count 1 (possession with intent to deliver heroin),[3] 30 months to five years' incarceration on Count 2 (criminal conspiracy),[4] and 6 to 12 months of incarceration on Count 3 (possession of drug paraphernalia);[5] all sentences were ordered to run concurrent to one another, for an aggregate sentence of 30 months to 5 years of incarceration. On docket #3588, Hernandez was sentenced to 33 months to 10 years' incarceration for possession with intent to deliver heroin,[6] to run consecutively to the sentence at docket #3587. Hernandez filed a motion to reconsider sentence that was denied on August 18, 2017. On February 8, 2018, Hernandez filed a timely *pro se* PCRA petition; counsel was appointed and filed an amended petition, raising the instant issue. On October 16, 2018, the trial court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Hernandez's petition without a hearing; Hernandez did not file a response to the notice. On November 16, 2018, the trial court dismissed Hernandez's petition.

---

[3] 35 P.S. § 780-113(a)(30).

[4] 18 Pa.C.S. § 903.

[5] 35 P.S. § 780-113(a)(32).

[6] 35 P.S. § 780-113(a)(30).

Hernandez filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, Hernandez raises the following issue for our consideration:

> Did the trial court err in denying Mr. Hernandez['s] PCRA [petition] without a hearing on his claim that trial counsel was ineffective for failing to advise him to have a stipulated bench trial and plead guilty as there was a reasonable probability that the Superior Court would have reversed the trial court's suppression denial where probable cause did not exist to support the issuance of the search warrant to search Mr. Hernandez's person?

Appellant's Brief, at 5.

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. *Commonwealth v. Brown*, 196 A.3d 130 (Pa. 2018). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012). Moreover, a court may dismiss a PCRA petition without a hearing if the judge is satisfied after review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. Pa.R.Crim.P. 907.

Instantly, Hernandez contends that trial counsel was ineffective[7] for advising him to plead guilty, rather than proceed to a bench trial, where by

---

[7] "In order to establish a claim of ineffective assistance of counsel, a defendant must demonstrate three things: (1) that the underlying claim has arguable

- 4 -

doing so he was unable to challenge the suppression court's finding on appeal. Hernandez claims that it was "reasonabl[y] probab[le]" that our Court would have reversed the trial court's order denying his suppression motion where "[i]n the instant case, the warrant did not contain probable cause that drugs would be found on Mr. Hernandez's person on July 8, 2016." Appellant's Brief, at 15, 18.

In **Commonwealth v. Ruey**, 892 A.2d 802, 810 (Pa. 2006), our Supreme Court stated:

> To ensure that the citizens of Pennsylvania are protected from unreasonable searches and seizures, Article 1, Section 8 [of the Pennsylvania Constitution] requires that a warrant: (1) describe the place [or person] to be searched and the items to be seized with specificity;[8] and (2) be supported by probable cause to believe that the items sought will provide evidence of a crime.

---

merit; (2) that counsel's performance was not reasonably designed to effectuate the defendant's interests; and (3) that counsel's unreasonable performance prejudiced the defendant." **Commonwealth v. Lynch**, 820 A.2d 728, 733 (Pa. Super. 2003).

[8] Here, the challenged search warrant specifically describes the person to be searched as "Jeffrey Hernandez, DOB: 07/15/1992 H/M 5'7". The warrant also indicates that the "attached affidavit of probable cause is incorporated by reference in its entirety." Application for Search Warrant and Authorization, Warrant Control # TF-0132-16F, 7/8/16 at 1. The items that the warrant specifically identifies to be searched for and seized are: "[c]ontrolled [s]ubstances, . . . specifically, but not limited to heroin, . . . [and] any assets, paraphernalia, or other materials related to the use or sales of same." **Id.** The affidavit also notes that "[s]ellers and users of controlled substances . . . maintain **on their person**, paraphernalia for cutting, packaging, weighing and distributing controlled substances." **Id.** at 2(f) (emphasis added).

- 5 -

Probable cause exists where the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted. *Commonwealth v. Jones*, 988 A.2d 649 (Pa. 2010).

The United States Supreme Court established a "totality of the circumstances" test for determining whether a request for a search warrant under the Fourth Amendment of the United States Constitution is supported by probable cause. *Id.* at 656. The Pennsylvania Supreme Court adopted this test "for purposes of making and reviewing probable cause determinations under Article 1, Section 8." *Id.* Under the test, "the task of an issuing authority is 'simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Commonwealth v. Torres*, 764 A.2d 532, 537 (Pa. 2001) (citations omitted).

Hernandez claims that the information in the search warrant was "stale" as paragraphs 3-9 of the affidavit of probable cause discuss controlled buys that occurred between Hernandez and CI#1 in 2013 and 2014. In *Commonwealth v. Leed*, 186 A3d 405 (Pa. 2018), our Supreme Court recognized that "[t]he age of the information supporting a warrant application is a factor in determining probable cause. If too old, the information is stale,

and probable cause may no longer exist. However, staleness is not determined by age alone, as this would be inconsistent with a totality of the circumstances analysis." *Id.* at 413

While the first nine paragraphs of the affidavit of probable cause involve three controlled buys and information obtained by the task force in 2013 and 2014, the remainder of the affidavit, specifically paragraphs 10-15, concern two controlled buys and information gained from CI#2 regarding personal knowledge that Hernandez was in the business of selling heroin at his Zook Avenue, Lancaster residence, and out of his black BMW in 2016. In fact, CI#2 stated that he had seen "multiple bundles" of heroin in Hernandez's BMW and had purchased heroin from Hernandez inside of his BMW as recently as May 2016. Affidavit of Probable Cause, 7/8/16, at ¶ 10. In addition, during the weeks of June 19, 2016 and July 3, 2016, CI#2 made two controlled buys of heroin from Hernandez at a location in Lancaster and at his Zook Avenue residence. Both purchases were made under the direction and control of the affiant, a member of the Lancaster County Drug Task Force, who saw Hernandez arrive at the Lancaster location and the Zook Avenue residence at the times of the controlled purchases. Finally, the affidavit states that within 48 hours of applying for the search warrant, "CI#2 had a conversation with Jeffrey Hernandez [who told CI#2] that he has quantities of [h]eroin for sale." Affidavit of Probable Cause, 7/8/16, at ¶ 15.

Based on a totality of the circumstances, it is evident that the magistrate had probable cause to issue a search warrant of Hernandez's person in July

2016 based on the information contained within the July 8, 2016 affidavit of probable cause. *See Commonwealth v. Novac*, 335 A.2d 773, 775, (Pa. Super. 1975) ("If the issuing officer is presented with evidence of criminal activity at some prior time, this will not support a finding of probable cause as of the date the warrant issues, **unless it is also shown that the criminal activity continued up to or about that time**.") (emphasis added) (citation omitted). The information provided in the affidavit shows an ongoing course of conduct, specifically the possession and sale of heroin, on the part of Hernandez. Moreover, just days before the affidavit was prepared, CI#2 conducted a controlled buy from Hernandez at his Zook Avenue residence. The affiant saw Hernandez arrive at the residence driving his black BMW (out of which he also sold heroin) immediately prior to the CI emerging from the residence with heroin in his possession. Based on the above information, we conclude that there was sufficient evidence "to warrant a man of reasonable caution in the belief that a search warrant should be conducted" on Hernandez's person. *Jones*, 988 A.2d at 656.

Because Hernandez's underlying suppression claim, as it relates to his ineffectiveness issue, does not have arguable merit, the trial court properly dismissed his PCRA petition without a hearing. *Lynch*, *supra* (counsel will not be deemed ineffective for failing to raise meritless claim).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2019