J-S07036-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA

          Appellee            :

                                     :

            v.                   :

                                     :

MARCUS BROOKING,               :

                                     :

         Appellant       :      No. 442 EDA 2019

Appeal from the PCRA Order Entered January 11, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012983-2013

BEFORE:  NICHOLS, J., KING, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED MAY 19, 2020**

Marcus Brooking (Appellant) appeals from the order of judgment entered on January 11, 2019, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On December 8, 2014, Appellant entered into a negotiated guilty plea, under which he was sentenced to 20 to 40 years of incarceration for third-degree murder, a consecutive term of three to six years of incarceration for a violation of the Uniform Firearms Act (VUFA), and guilt without further sentencing for possession of an instrument of crime.

On December 16, 2014, Appellant filed a motion to withdraw his guilty plea, which the trial court denied on December 19, 2014. Appellant appealed, and on February 8, 2016, this Court affirmed his judgment of

_____

* Retired Senior Judge assigned to the Superior Court.

sentence. **Commonwealth v. Brooking**, 141 A.3d 588 (Pa. Super. 2016) (unpublished memorandum).

On October 28, 2016, Appellant *pro se* timely filed a PCRA petition. PCRA counsel was appointed and filed an amended petition on October 8, 2018, raising the same claims Appellant had raised on direct appeal.[1] The PCRA court held an evidentiary hearing on January 11, 2019, after which it dismissed Appellant's petition.

This timely-filed notice of appeal followed.[2] On appeal, Appellant frames his issue as whether the PCRA court erred by denying relief despite Appellant's involuntary and unknowing entry into his guilty plea. Appellant's

---

[1] On March 19, 2015, the PCRA court restored Appellant's direct appeal rights and Appellant filed his direct appeal. On July 8, 2015, counsel filed a petition to withdraw as counsel and no-merit brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). Appellant also *pro se* filed a brief with this Court's permission. This Court's February 8, 2016 decision examined the overlapping issues in both briefs, including whether Appellant's plea was knowing, intelligent, and voluntary, and whether plea counsel was ineffective. **Brooking**, 141 A.3d 588 (unpublished memorandum at 6-8). After reviewing Appellant's written and oral plea colloquies and the December 8, 2014 plea hearing, we determined that "the record... amply demonstrates that Appellant's guilty plea was knowing, intelligent, and voluntary." **Id.** (unpublished memorandum at 8). Accordingly, we found that Appellant's issues did not merit relief, affirmed the judgment of sentence, and granted counsel's petition to withdraw. **Id.** (unpublished memorandum at 9). However, since claims of ineffective assistance of counsel must be raised on collateral review, we noted that Appellant's ineffectiveness claim was premature and dismissed it without prejudice. **Id.** (unpublished memorandum at 8).

[2] The PCRA court complied with Pa.R.A.P. 1925(a). **See** PCRA Court Opinion, 4/11/2019. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and none was filed.

Brief at 3. However, later in his brief, Appellant clarifies that his claim is based on ineffective assistance of counsel, alleging "counsel unnecessarily and unfairly pressured [Appellant] into accepting a guilty plea that [Appellant] did not wish to enter in to." Appellant Brief at 6.

In reviewing an appeal from the denial of PCRA relief, our standard of review is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 18 A.3d 244, 258 (Pa. Super. 2011) (citation omitted).

"Allegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA, not the subsection specifically governing guilty pleas." *Commonwealth v. Lynch*, 820 A.2d 728, 730 n.2 (Pa. Super. 2003). Although Appellant arguably blends his argument that his plea was involuntary and unknowing with his ineffectiveness claim, we review this appeal as the latter, mindful of the following.

> "Counsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner....

- 3 -

> To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different."

*Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

Claims of ineffectiveness of counsel raised in the context of a guilty plea "will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (internal citations and quotations omitted). Where a defendant claims to have entered a plea based on counsel's improper advice, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* Moreover, "a defendant is bound by the statements which he makes during his plea colloquy ... A defendant may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty." *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1996) (citations omitted).

In the instant case, Appellant argues that his plea was involuntary and unknowing because plea counsel did not advise him that entering a guilty plea would limit his appellate rights. Appellant's Brief at 7. Specifically, Appellant avers that had plea counsel informed him that his motion to

- 4 -

suppress DNA evidence, which was denied prior to Appellant's entering the instant plea, could not be challenged on appeal, Appellant would have proceeded to trial to preserve the issue. *Id.*; N.T., 1/11/2019, at 18-21. At his PCRA hearing, Appellant testified, "When my lawyer motioned to suppress that evidence, it was supposed to be suppressed. That's my issue. That's an inadequate plea." N.T., 1/11/2019, at 21. PCRA counsel elaborated as to Appellant's ineffective-assistance-of-counsel legal argument, "If he didn't understand that he could have appealed the ruling if he had gone to trial and lost... He didn't understand everything that was important, that counsel was ineffective and that my client should be given the right to go to trial." *Id.* at 25.

The PCRA Court found that Appellant's testimony at the January 11, 2019 PCRA hearing was not credible and contradicted his testimony at the guilty plea hearing. PCRA Court Opinion, 4/11/2019, at 3. Based on Appellant's oral and written plea colloquies and his admission of guilty at his plea hearing, The PCRA Court determined that Appellant's plea was knowing, intelligent, and voluntary and that Appellant obtained "more than adequate advice" from plea counsel. *Id.* at 3-4.

Our review of the record reveals that there is no factual basis to support Appellant's claim that his plea was unknowing. Even if trial counsel had not informed Appellant of his appellate rights, the omission would not have resulted in an unknowing plea. The plea court specifically informed

Appellant of his appellate rights regarding the denial of his motion to suppress.

> [THE COURT:] We did litigate your suppression motion. When you plead guilty, you can't challenge that on appeal. You have very limited appellate rights... The only other basis on appeal you have after you enter into a plea is if in fact your attorney was ineffective. Now, has your attorney prepared the case the way you've asked him to?
>
> [APPELLANT:] Yes.

N.T., 12/4/2014, at 157-58.

Additionally, on direct appeal, this Court summarized how Appellant's written and oral plea colloquies demonstrated that his plea was knowing, intelligent, and voluntary.

> "Appellant *sua sponte* requested to plead guilty (**See** N.T., [12/4/2014], at 152). Appellant signed a four-page written plea colloquy in which he agreed that he was satisfied with the advice by, and representation of, counsel. (**See** Written Guilty Plea Colloquy, at 3). The trial court then engaged in a detailed oral plea colloquy, which covered [the minimum areas the trial court must inquire into]... Appellant stated that he was satisfied with counsel's representation and was pleading guilty of his own free will."

**Brooking**, 141 A.3d 588 (unpublished memorandum at 8-9). Based on the foregoing, Appellant has failed to prove that trial counsel was ineffective, and, as a result, that his plea was unknowing and involuntary. **See Daniels**, 963 A.2d at 419 ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.").

Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2020