J-A25029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEREK JAMES HENNINGER | : | |
| | : | |
| Appellant | : | No. 420 MDA 2020 |

Appeal from the PCRA Order Entered February 3, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000060-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEREK JAMES HENNINGER | : | |
| | : | |
| Appellant | : | No. 421 MDA 2020 |

Appeal from the PCRA Order Entered February 3, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001684-2018

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 01, 2021**

Appellant, Derek James Henninger, appeals from the order entered on February 3, 2020, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the relevant facts and procedural history of this case as follows.  From our review of the certified record, on January 6, 2019, Appellant entered into a written "global [guilty] plea on [docket numbers]

CR-60-2018 and CR-1684-2018[1] of [one] to [two] years [of incarceration]; [compliance with a] drug and alcohol evaluation []; restitution if requested; [prohibition from] Walmart; concurrent to any other sentence." Negotiated Plea Agreement, 1/6/2019, at 6. On January 8, 2019, the trial court held a guilty plea hearing. The court confirmed the plea agreement on the record, stated that Appellant was entitled to credit for time-served, and entered an order sentencing Appellant in accordance with the plea agreement.

On October 23, 2019, Appellant filed a timely *pro se* PCRA petition and the PCRA court appointed counsel to represent Appellant. Appellant raised the following claims before the PCRA court:

> After being sentenced, Appellant was informed by the Pennsylvania Department of Corrections that his current incarceration was not counting toward his current charges under docket numbers CP-38-CR-60-2018 and CP-38-CR-1684-2018, but was instead counting against [sentences for parole violations he incurred on two, unrelated criminal matters]. Therefore, Appellant's current time incarcerated is being applied to his parole violations and not towards his sentence for dockets CP-38-CR-60-2018 and CP-38-CR-1684-2018. Appellant will not begin to serve his negotiated one (1) to two (2) year sentence until approximately August 14, 2020 according to the Department of Corrections. Appellant believed that his negotiated global guilty plea ran concurrent with any other sentence he was serving, including the time for his parole violations. [As such], Appellant filed a PCRA [p]etition requesting his sentence be modified and that he be re-sentenced to receive credit for time served in accordance with his global plea agreement.

---

[1] The Commonwealth, at docket number CR-60-2018, charged Appellant with various drug-related offenses arising out of a vehicular traffic stop. At docket number CR-1684-2018, the Commonwealth charged Appellant with various crimes for a retail theft at Walmart. Appellant was on parole at the time he committed these offenses.

Appellant's Brief, at 6-7 (record citations omitted).

On January 14, 2020, the PCRA court entered an order giving Appellant notice of its intent to dismiss Appellant's PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. In its dismissal order, the PCRA court offered the following rationale for refusing collateral relief:

> Under Pennsylvania law, [Appellant] is required to prove by a preponderance of the evidence that the circumstances make it likely that the alleged unlawful inducement [of the plea] caused [Appellant] to plead guilty and [that he] is innocent. In his current [PCRA p]etition, [Appellant] does not plead or prove his innocence, which causes his claim to be waived. Further, his sentence does not exceed the statutory maximum, and there would be no purpose served by any further proceeding.

PCRA Court Order, 1/14/2020, at 1. Appellant filed a counseled response to the PCRA court's Rule 907 notice on January 30, 2020.

On February 3, 2020, the PCRA court entered an order, and accompanying opinion, denying Appellant's PCRA petition. These timely appeals followed.[2]

On appeal, Appellant presents the following issues for our review:

A. Should Appellant have his sentence modified and be resentenced in accordance with his plea agreement, as Appellant's plea agreement [provided that his sentences at

---

[2] On March 3, 2020, counsel for Appellant filed two separate notices of appeal, one at each docket number, CR-60-2018 and CR-1684-2018. On the same day, Appellant filed concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) at each docket. On March 9, 2020, the PCRA court entered an order pursuant to Pa.R.A.P. 1925(a) relying upon its earlier decision filed on February 3, 2020. By *per curiam* order entered on March 24, 2020, this Court *sua sponte* consolidated the appeals pursuant to Pa.R.A.P. 513.

docket numbers CR-60-2018 and CR-1684-2018 would run concurrently] with all other counts and sentences?

B. Should Appellant be re-sentenced and be afforded credit for time served in accordance with his plea agreement, as Appellant's plea agreement [provided that his sentences at docket numbers CR-60-2018 and CR-1684-2018 would run concurrently with all other counts and sentences]?

Appellant's Brief at 4 (complete capitalization omitted).

Appellant's issues are inter-related and we briefly summarize them. "Appellant believed that [sentences imposed pursuant to] his negotiated global guilty plea [would run concurrently] with any other sentence he was serving, including the time [he was required to serve] for his parole violations." *Id.* at 7. Appellant claims the Pennsylvania Department of Corrections notified him that the time he has spent in custody would not count toward the sentences imposed at docket numbers CR-60-2018 and CR-1684-2018. *Id.* He claims that, according to the Department of Corrections, the time he has spent in prison counts only against the back time sentences imposed for his parole violations. *Id.* Appellant contends that his "parole violations are intertwined with his recent charges and are a result of those charges[, and therefore,] when [the trial court] told [Appellant] at his sentencing hearing that his sentence[s] would run concurrent with all other counts and sentences, the broad language must be construed that Appellant's back time would be served concurrently [with the sentences imposed at docket numbers CR-60-2018 and CR-1684-2018]." *Id.* at 14. Appellant asserts that because he is entitled to the full benefit of his bargain with the Commonwealth, he is entitled to modification of the sentences imposed at

docket numbers CR-60-2018 and CR-1684-2018. *Id.* Appellant concludes that he has not yet received the credit for time served to which he is entitled*. See id.* at 15-16.

We apply the following standard of review:

Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Heredia*, 97 A.3d 392, 394 (Pa. Super. 2014).

In order to be eligible for relief under the PCRA, a petitioner must plead and prove that his conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).

As set forth above, Appellant argues that his guilty plea was unlawfully induced when he did not receive the benefit of his negotiated plea bargain. In his PCRA filings, Appellant invoked Section 9543(a)(2)(iii)[3] of the PCRA, as set forth above. This Court has previously determined:

> The PCRA [] recognizes claims for relief for "[a] guilty plea unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S.A. § 9543(a)(2)(iii). However, in [**Commonwealth v. Lynch**, 820 A.2d 728 (Pa. Super. 2003)], this Court made clear that, in keeping with the plain language of the statute, in order to seek relief for an unlawfully induced guilty plea, the petitioner must plead and prove "that he is innocent[.]" [Petitioner] does not maintain that he is innocent of the crimes charged. Consequently, any intended argument under subsection (a)(2)(iii) is waived.

---

[3] Appellant also pled that he received "a sentence greater than the lawful maximum" under 42 Pa.C.S.A. § 9543(a)(2)(vii). The PCRA court determined that "his sentence does not exceed the statutory maximum." PCRA Court Order, 1/14/2020, at 1. Appellant does not challenge that determination on appeal and we find this claim waived. **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

- 6 -

*Commonwealth v. Barndt*, 74 A.3d 185, 192 n.9 (Pa. Super. 2013) (emphasis added). Here, as the PCRA court properly determined, Section 9543(a)(2)(iii) requires a petitioner to plead and prove his innocence, in addition to pleading and proving an unlawfully induced guilty plea. Upon review of the record, Appellant has never asserted his innocence.[4] Accordingly, Appellant waived his claim under Section 9543(a)(2)(iii) and the PCRA court properly denied Appellant relief.

Order affirmed.

_____

[4] We note that a petitioner need not assert innocence with regard to assertions of ineffective assistance of plea counsel pursuant to 42 Pa.C.S.A. § 9543(a)(2)(ii). *See Barndt*, 74 A.3d at 192 n.9 ("in keeping with the plain language of the [PCRA] statute, in order to seek relief for an unlawfully induced guilty plea, the petitioner must plead and prove "that he is innocent," a requirement that does not apply to assertions of ineffective assistance of plea counsel"), *citing Lynch*, 820 A.2d at 731–732. In this matter, however, Appellant has not raised a claim asserting plea counsel's ineffectiveness. As our Supreme Court has determined:

> It is a settled principle of appellate review, of course, that courts should not reach claims that were not raised below. *See* Pa.R.A.P. 302(a). The principle applies to PCRA appeals no less than to other appeals. A corollary of this salutary restriction is that courts generally should not act *sua sponte* to raise claims or theories that the parties either did not raise below or failed to raise in their appellate pleadings. [Our Supreme] Court has consistently held that an appellate court cannot reverse a trial court judgment on a basis that was not properly raised and preserved by the parties. Where the parties fail to preserve an issue for appeal, the Superior Court may not address that issue *sua sponte*.

*Commonwealth v. Colavita*, 993 A.2d 874, 891 (Pa. 2010) (case citations omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/01/2021</u>