J-S61038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER BOCELLI | : | |
| | : | |
| Appellant | : | No. 2444 EDA 2019 |

Appeal from the Order Entered August 6, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004064-1990

BEFORE: BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED DECEMBER 19, 2019**

Appellant Christopher Bocelli files this *pro* se appeal from the order entered by the Court of Common Pleas of Chester County denying his petition for a writ of *habeas corpus*. We treat Appellant's *habeas corpus* petition as an untimely petition under the Post Conviction Relief Act ("PCRA")[1] and affirm on different grounds.[2]

This Court previously summarized the factual background and tortured procedural history in this case:

> [O]n July 19, 1991, a jury convicted Appellant of Murder in the First Degree, Robbery, Aggravated Assault, and Criminal Conspiracy. On February 8, 1995, the trial court sentenced Appellant to life imprisonment without parole on the First–Degree Murder conviction and concurrent sentences on the remaining

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-46.
[2] *See Commonwealth v. Lynch*, 820 A.2d 728, 730 n.3 (Pa.Super. 2003) (noting that "[w]e may affirm the trial court on any ground").

convictions that did not merge for purposes of sentencing. This Court affirmed the Judgment of Sentence on October 19, 1995, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal on June 17, 1996. ***See Commonwealth v. Bocelli***, 671 A.2d 766 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 677 A.2d 838 (Pa. 1996). Appellant did not appeal to the United States Supreme Court. Thus, Appellant's Judgment of Sentence became final on September 1[5], 1996, when the ninety-day period for filing a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3).

Appellant filed his first PCRA Petition *pro se* on March 26, 2001. The court appointed counsel, and ultimately Appellant's counsel filed a ***Turner***/***Finley*** Letter. The court dismissed the Petition after a hearing on December 28, 2005, and granted counsel's request to withdraw. Appellant appealed and on March 26, 2007, this Court found that the trial court failed to follow the dictates of ***Turner***/***Finley*** and remanded the case for further proceedings. On remand, counsel filed a no-merit letter pursuant to ***Turner***/***Finley*** and a petition to withdraw.

Following a hearing, on January 18, 2011, the trial court issued a notice of intent to dismiss the PCRA petition and, on March 25, 2011, the trial court dismissed the petition and granted counsel's petition to withdraw.

During the pendency of the PCRA proceedings, and following the conclusion of the proceedings, Appellant filed a multitude of petitions[, including multiple PCRA petitions], applications, and appeals, in the trial court, this Court, the Supreme Court of Pennsylvania, and the Commonwealth Court of Pennsylvania, all of which the courts denied.

***Commonwealth v. Bocelli***, 2476 EDA 2017, at *1–2 (Pa.Super. Feb. 21, 2018) (unpublished memorandum) (footnotes omitted).

On May 31, 2019, Appellant filed a "Petition for Writ of Habeas Corpus and Withdraw of Guilty Plea *Nunc Pro Tunc*." On August 6, 2019, the lower court dismissed Appellant's petition, pointing out that Appellant did not enter

a guilty plea, but instead was convicted of first-degree murder and related offenses after a jury trial. Appellant filed this timely appeal.

As an initial matter, we must assess whether Appellant's "Petition for Writ of Habeas Corpus" should have been treated as a PCRA petition.

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; *Commonwealth v. Haun*, 613 Pa. 97, 32 A.3d 697 (2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus. Commonwealth v. Fahy*, 737 A.2d 214, 223–224 [Pa. 1999]; *Commonwealth v. Chester*, 557 Pa. 358, 733 A.2d 1242 (1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. *See Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998); *see also Commonwealth v. Deaner*, 779 A.2d 578 (Pa.Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

*Commonwealth v. Taylor*, 65 A.3d 462, 465–66 (Pa.Super. 2013).

Appellant's petition in this case is centered on his request to withdraw his alleged guilty plea. Appellant suggests that he was unlawfully induced to enter such plea, maintains his innocence in the crimes at issue, and suggests trial counsel was ineffective in entering a guilty plea on his behalf without his knowledge. Petition, 5/31/19 at 9-10. Appellant argues that the record contains evidence to show that a guilty plea was entered in this case. *Id*. Such claims are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii)-(iii). Thus, Appellant's petition should have been deemed a PCRA petition.

As a result, Appellant's petition is subject to the PCRA's timeliness requirements. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of the three exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

As noted above, the trial court sentenced Appellant on February 8, 1995, this Court affirmed the judgment of sentence on October 19, 1995, and the Supreme Court denied allowance of appeal on June 17, 1996. Appellant did not seek further review in the Supreme Court of the United States. As a result, Appellant's judgment of sentence became final on September 15, 1996, after

the expiration of the ninety-day period in which he was allowed to seek review in the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13. As such, Appellant needed to file his PCRA petition by September 15, 1997. As Appellant filed the instant petition on May 31, 2019, over twenty-two years after his judgment of sentence became final, this petition is facially untimely.

Appellant does not attempt to plead or prove that any of the PCRA timeliness exceptions applies in this case and our review of the record reveals no grounds. We acknowledge that as the lower court did not treat Appellant's filing as a PCRA petition, it did not provide Appellant notice of its intent to dismiss or give him the opportunity to amend his petition. *See* Pa.R.Crim.P. 907. However, this Court has held that the "failure to challenge the absence of a Rule 907 notice constitutes waiver. Moreover, even if the issue is raised, where the petition is untimely, it does not automatically warrant reversal." *Taylor*, 65 A.3d at 468 (citations omitted).

As Appellant's claim is record-based and we can determine that Appellant's argument does not fall within a timeliness exception, we conclude that the petition was untimely filed. As the lower court had no jurisdiction over Appellant's petition, we affirm.

Order affirmed.

Judge Bowes joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/19/19</u>