J-S33023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY HALL :
:
Appellant : No. 3038 EDA 2018

Appeal from the PCRA Order Entered September 17, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004897-2016,
CP-51-CR-0008176-2012

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED NOVEMBER 16, 2020**

Anthony Hall (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

While on probation, Appellant was arrested and charged with various firearm offenses. On November 14, 2016, Appellant entered a negotiated guilty plea to possession of a firearm prohibited and possession of a firearm with manufactured number altered.[1] In exchange for his plea, the Commonwealth consolidated Appellant's probation violation case with the instant matter. Consistent with the terms of the plea agreement, the trial court, on November 14, 2016, sentenced Appellant in both cases to an

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6106(a)(1) and 6108.

aggregate 3 to 10 years of incarceration. Appellant did not file post-sentence motions or a direct appeal.

On September 5, 2017, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed, and subsequently filed an amended petition on May 3, 2018, alleging that Appellant's plea counsel was ineffective. On July 5, 2018, the Commonwealth filed a motion to dismiss Appellant's petition as meritless. The PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure on July 10, 2018. For reasons unclear from the record, the PCRA court issued a second notice pursuant to Rule 907 on August 17, 2018. Neither Appellant nor his counsel filed a response to the Rule 907 notice or attempted to raise additional issues. On September 17, 2018, the PCRA court granted the Commonwealth's motion to dismiss and formally dismissed Appellant's petition. The order did not inform Appellant of his right to appeal, the time period within which he had to file a notice of appeal, or the need to file separate notices of appeal, and there is no indication elsewhere in the record that Appellant was advised of his appellate rights.

On October 15, 2018, Appellant filed a timely, single notice of appeal that listed both docket numbers involved in this case. The PCRA court issued an order pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied. On

January 24, 2020,[2] pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), this Court issued a rule to show cause why the appeal should not be quashed. In **Walker**, our Supreme Court instructed that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. **Id.** at 971, 976-77. The Supreme Court applied this holding prospectively to notices of appeal filed after June 1, 2018.

As stated above, Appellant filed his notice of appeal on October 15, 2018, and thus, **Walker** applies. The appeal before us is from a single order resolving issues arising on two docket numbers. Appellant did not file a response to this Court's rule to show cause. On April 1, 2020, we discharged the rule to show cause and deferred the issue to this panel.

Upon review, we decline to quash this appeal pursuant to **Walker** because the record – not a model of clarity – does not reflect that the PCRA court advised Appellant of his right to appeal and the need to file separate notices of appeal.[3] **See** Pa.R.Crim.P. 907(4); **Commonwealth v. Larkin**, -- A.3d --, 2020 WL 3869710, at *2 n.2, *3 (Pa. Super. 2020) (*en banc*) (stating,

---

[2] It appears from the record that significant delay in the appellate proceedings resulted from the PCRA court's failure to promptly remit the lower court record to this Court.

[3] "It is well-settled that this Court may only consider items which have been included in the certified record and those items which do not appear of record do not exist for appellate purposes." **In re J.F.**, 27 A.3d 1017, 1023 n.10 (Pa. Super. 2011) (quoting **Stumpf v. Nye**, 950 A.2d 1032, 1041 (Pa. Super. 2008)).

"we may overlook the requirements of **Walker** where, as here, a breakdown occurs in the court system, and a defendant is" not informed of his appellate rights); **see also Commonwealth v. Rohades**, 2020 WL 6285217, at *2 (Pa. Super. Oct. 27, 2020) (unpublished memorandum) (declining to quash appeal pursuant to **Walker** where PCRA dismissal order "did not inform Appellant of his right to appeal, the time period within which he had to file a notice of appeal, or the need to file separate notices of appeal").[4]  We thus turn to the merits of Appellant's issues, which he presents as follows:

> A. Did the PCRA [c]ourt err as a matter of law by denying [Appellant's] PCRA petition, without a hearing where the issues alleged, if proven, would entitle him to relief?
>
> B. Did the PCRA [c]ourt err as a matter of law by denying [Appellant's] petition without a hearing where his claim of ineffective assistance of counsel contains at least arguable merit in that Plea Counsel failed to inform him that the Pennsylvania Supreme Court was, at the time of his plea, considering whether evidence suppressed at trial could be used against a defendant in a violation of probation and/or parole hearing, thus rendering him unable to knowingly, voluntarily, or intelligently forgo his right to trial?
>
> C. Did the PCRA [c]ourt err as a matter of law by denying [A]ppellant's PCRA petition without a hearing where his claim of ineffective assistance of counsel contains at least arguable merit in that Plea Counsel failed to discuss with him, *sua sponte*, whether he wished to file a post-sentence motion to withdraw his guilty plea or file a direct appeal because the issues presented in his case were being decided by the Pennsylvania Supreme Court?

Appellant's Brief at 3-4.

---

[4] Non-precedential decisions filed after May 1, 2019 may be cited for their persuasive value pursuant to Pa.R.A.P. 126(b).  **See** 210 Pa. Code § 65.37.

Appellant's claims of ineffective assistance of counsel in connection with advice rendered during his guilty plea are cognizable under the PCRA pursuant to 42 Pa.C.S.A. § 9543(a)(2)(ii). **See Commonwealth v. Lynch**, 820 A.2d 728, 731-32 (Pa. Super. 2003) ("If the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief."); **Commonwealth v. Rathfon**, 299 A.2d 365, 369 (Pa. Super. 2006). We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

Appellant challenges Plea Counsel's effectiveness. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. **Commonwealth v. Bomar**, 104 A.3d 1179, 1188 (Pa. 2014). To overcome the presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." **Id.** (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. **Id.**

The right to constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea. **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa. Super. 2007) (quotations and citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** (quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (quotations and citations omitted). "The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome." **Id.** (quotations and citations omitted).

With respect to valid guilty pleas, this Court has explained:

A valid guilty plea must be knowingly, voluntarily and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by

jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted); *see also* Pa.R.Crim.P. 590.

Here, Appellant initially rejected a plea offer and filed a motion to suppress the firearms recovered by police. Subsequently, however, he withdrew his motion to suppress and pled guilty. In each of his three issues, Appellant argues that Plea Counsel provided ineffective assistance by failing to inform Appellant that the Pennsylvania Supreme Court had granted allocatur in *Commonwealth v. Arter*, 151 A.3d 149 (Pa. 2016). In *Arter*, the Pennsylvania Supreme Court held that, under Article 1, Section 8 of the Pennsylvania Constitution, the exclusionary rule applies to parole revocation proceedings. Specifically, the Court held that evidence properly suppressed in a criminal proceeding is inadmissible under the exclusionary rule in a parole revocation proceeding. The Court concluded:

[A]pplication of the exclusionary rule to revocation proceedings is in accord with this Court's consistent and repeated emphasis that the primary purpose of the exclusionary rule under Article I, Section 8, is protecting the individual privacy rights of our citizens, as opposed to deterring police misconduct. This purpose is equally applicable to criminal proceedings and revocation proceedings.

*Id.* at 167 (citation omitted).

As it is undisputed that there was no reasonable suspicion for the parole officer's warrantless search of Appellant, we hold that,

- 7 -

pursuant to Article I, Section 8 of the Pennsylvania Constitution, the evidence seized as a result of the search was inadmissible at Appellant's parole revocation proceedings, and, thus, Appellant's motion to suppress filed with respect to those proceedings should have been granted.

*Id.* Although the Supreme Court had not decided *Arter* at the time Appellant entered his plea, he asserts that counsel was nonetheless ineffective for failing to advise him that *Arter* was pending. Appellant contends he "should have been made aware of [*Arter*] prior to deciding whether to withdraw his motion [to suppress] and enter a guilty plea." Appellant's Brief at 11-12.

Appellant's claim lacks arguable merit. It is well-settled that the adequacy of counsel's representation will be assessed based on the law as it existed at the time of the representation. *Commonwealth v. Pizzo*, 602 A.2 823 (Pa. 1992); *see also Commonwealth v. Johnson*, 532 A.2d 796 (Pa. 1987); *Commonwealth v. Brewer*, 388 A.2d 1071 (Pa. 1978). Counsel cannot be found ineffective for failing to foresee or predict changes in the law. *Commonwealth v. Gribble*, 863 A.2d 455, 464 (Pa. 2004). Importantly, Appellant does not claim that counsel misinformed him of the applicable law at the time of his plea, and the record reflects that counsel fully apprised Appellant of the law as it existed at the time of the plea.

Furthermore, Appellant has not alleged – in either his PCRA petition or appellate brief – that but for Plea Counsel's failure to inform him regarding *Arter*, "he would not have pleaded guilty and would have insisted on going to trial." *Barndt*, 74 A.3d at 192. Rather, Appellant only asserts that he should have been made aware of the pending case. Appellant has also failed to

establish the prejudice prong for ineffective assistance of counsel. ***Id.*** (stating that the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process").

In sum, Appellant's claims are without merit and the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/20