J-S56042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM B. JOHNSON | : | |
| | : | |
| Appellant | : | No. 545 EDA 2020 |

Appeal from the PCRA Order Entered January 13, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005390-2015

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED:  DECEMBER 31, 2020**

Kareem B. Johnson (Johnson) appeals from the order of the Court of Common Pleas of Philadelphia County (PCRA Court) denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After review, we affirm.

On June 21, 2016, Johnson entered an open guilty plea to robbery and related firearms offenses.[1]  The trial court accepted the plea and deferred sentencing pending a presentence investigation (PSI).  The PSI revealed that Johnson was diagnosed as mildly mentally retarded at an early age and, according to his family, still needed help in basic decision-making.  Johnson

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 6105(a)(1), 6106(a)(1) and 6108, respectively.

was also diagnosed with personality disorder and paranoid type schizophrenia and was prescribed Zyprexa and Prozac. Despite this information, no issues about Johnson's competency to stand trial were raised before or at sentencing. On December 19, 2017, the trial court sentenced him to 8 to 20 years' imprisonment for robbery and concurrent sentences for the firearms convictions. Johnson did not file a direct appeal.

On December 7, 2018, Johnson filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition raising two claims for relief. In his first claim, Johnson alleged that this plea was unlawfully induced and that he was innocent, arguing that the information in the PSI about his intellectual and mental health issues should have raised concerns, and that the trial court should have determined whether he was competent to stand trial. Johnson asserted the same thing in his second claim, but argued that plea counsel was ineffective for having him plead guilty instead of seeking to withdraw his plea and request a competency hearing. The PCRA court issued notice of its intent to dismiss without a hearing under Pa.R.Crim.P. 907 and, after receiving no response, denied the petition. Johnson timely appealed.[2]

_____

[2] Our standard of review for claims denying PCRA relief without a hearing is well-settled:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or [in] other evidence. It is

**I.**

In his first issue, Johnson contends that the PCRA court erred in denying his unlawful inducement claim without an evidentiary hearing. He disputes that his plea was voluntary, knowing and intelligent, and argues that the trial court should have examined the totality of the circumstances of his plea to ensure that he understood its consequences. In support, he highlights the information in his PSI that he was diagnosed as being mildly mentally retarded and asserts that this information should have, at the very least, prompted the trial court to inquire into his competency. *Id*. Additionally, Johnson argues that the trial court should have also inquired into his psychiatric competency to accept the plea because, according to the PSI, he was diagnosed with personality disorder and paranoid type schizophrenia and was prescribed medication to treat these mental illnesses. *Id*. at 13. Because of the medication, Johnson further asserts that his mental competency was compromised at his guilty plea hearing. *Id*.

---

the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa. Super. 2019) (citation omitted).

- 3 -

Under the PCRA, the petitioner must plead and prove by a preponderance of evidence that his conviction or sentence resulted from a guilty plea "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). "A valid guilty plea must be knowingly, intelligently, and voluntarily entered." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted).

> The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

***Id.*** (citations omitted); ***see also*** Pa.R.Crim.P. 590. "Once the defendant has entered a guilty plea, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." ***Commonwealth v. Willis***, 68 A.3d 997, 1002 (Pa. Super. 2013) (citation and internal quotation marks omitted). "The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made." ***Id.*** (citation and brackets omitted). "A person who elects to plead

- 4 -

guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pier***, 182 A.3d 476, 480 (Pa. Super. 2018) (citation omitted).

In finding that Johnson's first issue warranted no relief, the PCRA court stated the following:

> [Johnson] has failed to present any specific evidence which would suggest he was incompetent at the time of the plea. Instead, he relies on the [PSI] and Mental Health reports prepared prior to his sentencing, which indicate that [Johnson] has been diagnosed with a personality disorder, paranoid schizophrenia, and mental retardation. These reports also state that [Johnson] was taking medication for his mental health issues, and that, although he struggled with his education, he ultimately earned a high school diploma. At the time of sentencing, [Johnson] stated that he was not suffering from any mental illness, and that he was satisfied with his attorney. He also signed a written guilty colloquy in which he confirmed that he understood the proceedings, that counsel had explained the case to him, and that he was satisfied with counsel. Moreover, trial counsel signed the same colloquy, indicating that they had no concerns about [Johnson's] competency despite the information contained in the presentence reports. Because the mere existence of mental illness is not sufficient to show incompetency, and [Johnson] has offered no further evidence to support his claim, he has failed to meet his burden.

PCRA Court Opinion, 7/2/20, at 5.

We agree with this analysis and conclude that the PCRA court did not abuse its discretion in finding that Johnson's claim did not raise a genuine issue of material fact requiring an evidentiary hearing. First, at the June 21, 2016 guilty plea hearing, Johnson did not raise any issues about being

incompetent or unable to comprehend the consequences of pleading guilty. Indeed, Johnson confirmed as much on the record.

THE COURT: How far did you go in school?

MR. JOHNSON: Twelfth.

THE COURT: Read, write, understand English?

MR. JOHNSON: Yes.

THE COURT: Are you under the influence of drug[s] or alcohol today?

MR. JOHNSON: No.

THE COURT: Suffering from any mental illness today?

MR. JOHNSON: No.

N.T., 6/21/16, at 6-7. Johnson also completed a written guilty plea colloquy confirming that he understood the plea that it was knowing, intelligent and voluntary.

As a result, Johnson's claim that his intellectual limitations prevented him from entering a valid plea is belied by his statements in the guilty plea colloquies—both written and oral—that he understood the consequences of his guilty plea. The PSI related that he was diagnosed as mildly mentally retarded in the first grade and that he was placed in special education classes. Johnson did, however, go on to eventually earn his high school diploma. Beyond the information in the PSI, Johnson provided no further evidence in his amended petition tending to show that he was mentally incompetent or incapable of

understanding the nature of his plea, which, as noted above, he told the trial court he understood.

The same holds true for his mental health diagnoses. Johnson avowed on the record that he did not have a mental illness that would impede his ability to comprehend his plea, nor that he was under the influence of any medication. Johnson is bound by these statements and cannot now assert grounds for attacking his plea that contradict his statement. *See Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013) (citation omitted).

Moreover, "[t]he fact that a defendant has experienced mental illness in the past does not *per se* render him incompetent to stand trial." *Commonwealth v. Santiago*, 855 A.2d 682, 697 (Pa. 2004). The same is true of prescribed medication: without evidence that the medication affected the defendant's ability to comprehend, mere use of the medication will not render a plea involuntary or unknowing. *See Willis*, *supra* (finding "the mere fact Appellant was taking prescribed psychotropic medication at the time of his plea does not, of itself, result in the conclusion he was unable to enter a knowing, voluntary, and intelligent guilty plea."). Here, Johnson relies solely on the PSI to contend that he was incompetent to plead guilty because he was diagnosed with personality disorder and paranoid type schizophrenia and prescribed medication. However, this contention, without more, is insufficient to raise a genuine issue of material fact requiring an evidentiary hearing, and

Johnson provided no evidence in his amended petition tending to contradict his representation at the plea hearing that he understood the plea. Thus, his first claim lacks merit.

**II.**

Next, Johnson's claims that the PCRA court erred in finding that plea counsel was not ineffective for having Johnson plead guilty rather than requesting a competency hearing similarly lacks merit.

"Allegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA [ (42 Pa.C.S. § 9543(a)(2)(ii)), ] not the subsection specifically governing guilty pleas [ (42 Pa.C.S. § 9543(a)(2)(iii)) ]." *Commonwealth v. Lynch*, 820 A.2d 728, 730 n.2 (Pa. Super. 2003). We observe the following with respect to ineffective-assistance-of-counsel claims.

> The law presumes counsel has rendered effective assistance. In general, to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Postie*, 200 A.3d 1015, 1022-23 (Pa. Super. 2018) (*en banc*) (citations, footnote and quotation marks omitted). Since Johnson

entered into a guilty plea, we keep in mind that "[i]n the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa. Super. 2017) (citation omitted).

As we discussed above, Johnson's underlying claim—that the PSI raised concerns about his competency that should have prevented the entry of his plea—lacks arguable merit. That Johnson was diagnosed with a mental illness did not, as he suggests, require plea counsel to request a competency hearing, and that plea counsel was ineffective for failing to do so. ***See Santiago***, ***supra*** (rejecting claim that trial counsel should be deemed ineffective for not requesting competency hearing because defendant had been diagnosed with a mental illness). The record indicates that Johnson's plea was entered knowingly, voluntarily and intelligently, and he is bound by the statements that he made in open court attesting that he understood the plea and was not under the influence of any medication. ***See Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) ("The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies.") (citation omitted).

As we noted in the first issue, Johnson relied solely on the information in the PSI; he provided no further information about his intellectual capacity or mental health to support his contention that he was incompetent to stand

trial and, therefore, enter a knowing, voluntary and intelligent guilty plea. The information in the PSI, without more, was not enough to render any plea he entered involuntary, and Johnson has not pointed us to any case law on the contrary. Accordingly, we hold that the PCRA court correctly rejected his ineffective assistance of trial claim without hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/20